FLEMING, J.
Concurred.
The PRESIDENT.- — In every view of this subject, I think the evidence was improperly admitted. It has been well observed, that in some instances hearsay evidence may be proper, where from the nature of the case it is not to be expected that better testimony could be procured. Such as where the transaction is ancient, and in others which have been mentioned. It was upon this principle, that the case of Jenkins and Tom (ante vol. 1. p. 123) was determined.
But how do the reasons which authorise the admission of hearsay evidence apply to this case. The writ of ad quod damnum is only IV years old, it is not stated that Parrish was dead, or that his attendance could not be procured. In short, there is not a single reason stated to justify us in saying that a departure from the general rule was proper. Hearsay evidence may also be admitted to shew, that a witness has been uniform, or otherwise in the testimony he gives. But nothing of this sort, appears, and if there were anything in the case to except this out of the general rule, it ought to have been stated by the court as the ground of their opinion. But if Parrish had been present and sworn, his evidence ought to have been disregarded by the jury: it was to prove himself guilty of a fraud against his *sworn duty as a chain carrier. Much less was it proper to admit as evidence, what he had declared when not on oath.
Judgment reversed and a new trial awarded.
WITNESSES.
I.Modes of Procuring- Attendance of Witnesses. II. Competency.
A. Persons Interested.
1. Parties to Record.
3.Persons Not Parties to Record.
a. In General.
b. Nature of Disqualifying Interest.
c. Cestui Que Trustent.
d. Legatees.
e. Mortgagors.
f. Grantors.
g. Vendors of Land.
h. Agents.
i. Obligor and Obligee.
j. Principal and Surety.
k. Parties to Negotiable Instruments.
l. Attorneys.
m. Parent and Child.
n. Competency Restored by Release.
3. Grand Jurors.
4. Petit Jurors.
5. Children.
6. Idiots and Lunatics.
7. Want of Religious Belief.
8. Infamy.
9. Accomplices.
*671 10. Prosecutors.
11. Negroes.
12. interpreters.
18. Husband and Wife.
III. Determining- the Question of Competency and Credibility.
A. Time for Making- Objection to Competency.
S. Examination on Voir Dire.
C. Extent of Competency.
I). Province ol Court.
1. Competency of Witness.
E. X^rovince of Jury.
1. Credibility of Witness.
IV. Incompetency Removed by Statute.
A. In Civil Cases.
B. In Criminal Cases.
1. Right of Accused to Testify.
a. Cross-Examination of Accused.
2. Comment by Prosecuting Attorney on Failure of Defendant to Testify,
a. Time for Making Objection.
O. Transactions with Decedents.
1. In General.
2. Who Are Disqualified.
a. Parties to Action.
(1) Rule in West Virginia.
b. Parties to Contract.
(1) Rule in Virginia.
c. Donor and Donee.
d. Heirs and Distributees.
•e. Subscribing Witness.
f. Husband and Wife.
g. Debtor and Creditor.
h. Parties to Negotiable Instruments.
i. Cosureties.
j. Partners.
3. Transactions with Deceased Party’s Agent.
i. Actions for Work, Labor and Services Rendered.
5. Independent Facts.
6. Conversation between Deceased and Third Party.
7. Competency of Personal Representative.
B. Meaning of Certain Words and Phrases in Statutes.
9. Admissibility of Deceased’s Deposition.
D. Transactions with Insane Persons.
V. Examination of Witness.
A. In General.
1. Discretion of Trial Court.
2. Leading Questions.
3. Excluding Witnesses from Court Room.
B. Cross-Examination.
1. Extent of Cross-Examination.
2. Testing Accuracy, Veracity or Credibility of Witness.
C. Re-Direct-Examination.
D. Re-Cross-Examination.
E. Recalling Witnesses.
F. Answers Must Be Responsive to Questions.
G. Refreshing the Memory.
VI. Impeachment.
A. Prior Inconsistent Statements.
1. Laying Foundation.
a. Where Witness Denies Having Made the Contradictory Statement.
b. Where Witness Does Not Remember Making Contradictory Statement.
2. Relevancy of Contradictory Statements.
B. Bias or Hostility.
C. Impeaching Reputation of Witness.
1. Knowledge Required of Lmpeaching Witness.
2. What Evidence Admissible to Impeach.
D. New Trial.
E. Impeachment of One’s Own Witness.
VII. Corroboration.
A. In General.
B. Prior Consistent Statements.
C. Knowledge Required of Sustaining Witness.
VIII. Privilege of Refusing to Answer.
A. Where Answers Tend to Criminate Witness.
B. Constitutional Guaranty.
1. Statutes Taking Away Constitutional Privilege.
C. Exposure to a Penalty or Forfeiture.
D. Questions Tending to Degrade Character.
Cross References to Monographic Notes,
Depositions, appended to Field v. Brown. 24 Gratt. 74.
Husband and Wife, appended to Cleland v. Watson, 10 Gratt. 159.
Bills, Notes and Checks, appended to Archer v. Ward, 9 Gratt. 622.
Expert and Opinion Evidence.
Arrest, appended to Abrahams v. Com., 1 Rob. 675.
i. riODES OF PROCURING ATTENDANCE OF WITNESSES.
Subpoena. — The usual mode of obtaining the attendance of a witness is by means of a summons called a subpcena, which is issued upon the demand, of either party, by the clerk of the court. And when it appears by affidavit, that a writing or document in the possession of a person not a party to the controversy, is material and proper to be produced, the court or judge in vacation, may order the clerk to issue a subpoena duces tecum, to compel its production. The ordinary subpcena is obtained at the pleasure of the party; but as has been stated, the subpcena duces tecum, is obtained only by order of the court or judge in vacation. 4 Min. Inst. (3d Ed.) p. 825; Va. Code 1887, ch. 164, §§ 3352, 3353; W. Va. Code, ch. 130, §§ 25, 26.
If a witness, after being served with such summons, fails to attend to give,evidence, or to produce the writing mentioned in the subpama duces tecum, the court on proof that there was paid to him (if it was acquired by indorsement on the process), a reasonable time before he was required to attend, the allowance for one day's attendance, and his mileage and tolls, shall, after service of the notice to, or rule upon him, to show cause against, it (if no sufficient cause be shown against it), fine him not exceeding twenty dollars to the use of the party ior whom he‘was summoned; and the court may proceed by attaching his person to compel him to attend and give his evidence: and the witness shall moreover be liable to any party aggrieved for damages. 4 Min. Inst. (3d Ed.) p. 827; Va. Code 1837, ch. 164, § 3354; W. Va. Code, ch. 130, § 27.
And, if he attend, and yet refuse to be sworn, or to give evidence, or to produce any writing or document required, the court may commit him to jail, there to remain until he shall, in the custody of the jailor, give such evidence or produce such writing or document. 4 Min. Inst. (3d Ed.), p. 827, Va. Code 1887, ch. 164, § 3350; W. Va. Code. ch. 130, § 28.
Habeas Corpus Ad Testificandum —Another mode of procuring the attendance of witnesses in civil cases, which, however, is very rare, is by means of a writ of habeas corpus ad testificandum, where the witness is in custody of the law, and is not at liberty to obey a subpama. This writ is granted at discretion, on motion in open court, or by the judge at chambers, upon affidavit stating the nature ol the suit, and the materiality of the witness. 4 Min. Inst. (3d Ed.) p. 427.
Attendance of Witnesses in Criminal Cases. — See Va. Code 1887, ch. 199, § 4080; W. Va. Code, ch. 162, § 1.
*672 II. COriPETENCY.
A. PERSONS INTERESTED.
1. Parties to Record. — The general rule of the common law was that a party to the record in a civil suit, who had any interest at stake in the suit could not he a witness, either for himself of for a co-suitor in the cause. The rule excluded a proehein ami, a guardian, an executor, or administrator. Murphy v. Garter, 23 Gratt. 485; Coalter v. Bryan, 1 Gratt. 89; Steptoe v. Read, 19 Gratt. 2.
And the liability of a party even for costs was sufficient to disqualify him; nor could he be restored to competency by either party paying down a sum of money sufficient to cover the costs, or by the other party releasing him from paying them. Cogbill v. Cogbill, 2Hen. & M. 467; Tunstall v. Withers, 86 Va. 892, 11 S. E. Rep. 565.
But it has been held that a mere naked trustee in a deed, who is a party to the cause, but against whom no claim can be had either for costs or otherwise, is a competent witness. Harvey v. Alexander, 1 Rand. 219,10 Am. Dec. 519; Taylor v. Moore, 2 Rand. 63; Ross v. Norvell, 3 Munf. 170,182; Eacho v. Cosby, 26 Gratt. 112.
And a man who is made proehein ami to an infant without his knowledge or consent is not disqualified from being a witness. Burwell v. Corbin, 1 Rand. 131, 10 Am. Dec. 494.
So, also, an administrator, to whom a credit for a sum of money paid by him to the guardian of one of the distributees has been allowed by a final decree in chancery, is a competent witness in behalf of the ward, to prove the payment of the money to his guardian, though the latter was no party to the decree. Hooper v. Royster, 1 Munf. 119.
In an action against a guardian for necessaries furnished his ward, the administrator of a previous guardian is a competent witness for the plaintiffs. Young v. Warne, 2 Rob. 420.
And in a suit to establish a resulting trust, it has been held that two of the defendants, against whom no relief was prayed for, and who had been discharged in bankruptcy, were competent to testify, though parties to the suit and to the transactions under review therein, and though they co-operated with the trustee in a devastavit and were liable over to the other defendants. Moorman v. Arthur, 90 Va. 455, 18 S. E. Rep. 869.
The creditor of a testator, whose debt has been paid out of the proceedings of a sale of the decedent’s land, which sale is afterwards disaffirmed, is a competent witness to prove the amount of his debt, where he entered into no covenants for the sufficiency of the title; is not chargeable with any fraud; nor in any way liable to the purchaser, the executor, or the devisees. Hudgin v. Hudgin, 6 Gratt. 320, 52 Am. Dec. 124.
But in those cases in which á party to the record had no interest whatever, either in the subject of the controversy, or in the costs of the action, the reason for his incompetency ceased, and he might have been examined. Accordingly, it was held that an executor claiming no interest as devisee or legatee under the will, and not having acted in such a way as to subject him to a decree for costs, was a competent witness between parties claiming the estate he represented; though he was a party defendant in the suit: though.he had settled his account showing large balances in his hands; and though he was entitled to a commission upon his receipts and disbursements. Coalter v. Bryan, 1 Gratt. 18-89.
2. Persons Not Parties to Record.
a. In General. — A person who was directly interested in the result of a suit was an incompetent witness according to the rules of the common law. The policy of this rule was: to exclude persons, who had a strong bias on their minds, from being placed in a situation where their interest might induce them to depart from the truth. Richardson v. Hunt, 2 Munf. 148; Moonv. Campbell, 1 Munf. 600; Brown v. Dicken-son, 27 Gratt. 694; Grandstaff v. Ridgely, 30 Gratt-4; Knick v. Knick, 75 Va. 13; Pant v. Pant, 17 Gratt. 11; Bartley v. McKinney, 28 Gratt. 751.

b. Nature of Disqualifying Interest.

Interest in Result of Suit. — But it was well settled that the interest which would render him incompetent, múst have been an interest in the result of the suit, for though he might feel a bias or interest in the struggle, and even have occasion to contest the-question in a future action of his own, yet this would, not exclude him, if the proceedings in the cause in which he testified, could not be used as evidence for- or against him, in any future action to which he might be a party. Baring v. Reeder, 1 Hen. & M. 164; Richardson v. Carey, 2 Rand. 87; Ross v. Nor-vell, 3 Munf. 182; Masters v. Varner, 5 Gratt. 168.. 50 Am. Dec. 114; Clements v. Kyles, 13 Gratt. 468; Adams v. Martin, 8 Gratt. 107; Gilmer v. Baker,. 24 W. Va. 72; Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927.
Direct, Certain and Vested Interest, — Moreover, as. the courts disfavored objections to the competency of a witness on the ground of interest, it was held repeatedly that the interest to disqualify a person from being a witness, must be a direct, certain and vested interest in the result of the cause, not a mere remote or contingent interest, for this goes rather to the credit than to the competency of witnesses, and must be left to the consideration of the jury. Baring v. Reeder, 1 Hen. & M. 154; Braxton v. Hilyard, 2 Munf. 49; Barnett v. Watson, 1 Wash. 372; Stevens v. Bransford, 6 Leigh 249; Wilson v. Alexander, 9 Leigh 459; Coalter v. Bryan, 1 Gratt. 87; Steele v. Boyd, 6 Leigh 559. See Dickinson v. Dickinson, 2 Gratt. 493. '
Accordingly the deputy sheriff, who sold the property under the execution, was not a competent witness, in an action in the name of the high sheriff upon the bond of indemnity, to prove that the property belonged to the person against whom the execution issued, because his interest is certain, direct and immediate. Carrington v. Anderson, 5 Munf. 32; Wilson v. Alexander, 9 Leigh 459, citing with disapproval Brent v. Green, 6 Leigh 29; Stevens v. Brans-ford, 6 Leigh 246. Compare Smith v. Triplett, 4; Leigh 590.
Legal Interest. — And the rule which rejected an interested witness, regarded only a legal interest founded on legal rights and liabilities, and not such an interest, inclination or bias as might arise from moral or honorary obligations. Chapman v. Hidenr 2 Pat. &H. 91,99.
Belief by Witness That He Is Interested. — It was held that if a person acknowledged that he considered, himself interested in the event of a suit, he was not a competent witness, though, in fact, not interested. Richardson v. Hunt, 2 Munf. 148.
Subsequently Acquired Interest —But where a witness was once qualified to testify, he was not rendered incompetent by any interest subsequently acquired by his own voluntary act or design, or by the voluntary act and design of the party objecting-Chapman v. Hiden, 2 Pat. & H. 91.
Witness Testifying against Interest. — Where a witness testified against his own interest, the rule that interest disqualified did not apply. Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927.
Interest of Witness Equal between Parties. — And it was held in several cases that where the interest of the witness was equal between the parties, or *673 against tie party in whose fayor his testimony operated, he was competent. But to counterbalance or outweigh an interest in the witness in favor of the party ottering- him by an equal or greater interest the other way, this last interest must have been as direct and immediate as the former. Braxton v. Hilyard, 2 Munf. 49; Chapman v. Hiden, 2 Pat. & H. 91; Blaclt v. Campbell, 6 W. Va. 51; Baring v. Reeder, 1 Hen. & M. 164; Brown v. J ohnson, 13 Gratt. 644; Murphy v. Carter, 23 Gratt. 477.
Por example, in an action against one of two obli-gors, the interest of the other arising from the liability to the defendant, for contribution, is more direct and immediate than his liability as obligor in the bond to the obligee; and he is. therefore, an incompetent witness for the defendant. Brown v. Johnson, 13 Gratt. 644.
But it was held in Ware v. Stephenson. 10 Leigh 155. that in assumpsit for goods furnished a third person, snch person was a competent witness for the plaintiff; for he stood entirely indifferent between .the parties litigant, or if he had any interest, that interest was against the party who offered him as a witness.
a. Cestui Que Trusteed. — As neither the trustee nor the eestui que trust, in a sale by the trustee, is a war-rantor of title, in the absence of express contract, the cestui que trust was a competent witness for the purchaser, in an action bi' the latter to recover the property. Petermans v. Laws, 6 Leigh 523.
d. Legatees. — But it seems that a speciiic legatee was not a competent witness to disprove the claim of a creditor against the estate of the testator. Temple v. Ellett, 2 Munf. 452.
e. Mortgagors. — It was held, in a controversy between two mortgagees, that the mortgagor was not a competent witness to prove that the second mortgagee had notice of a prior unrecorded mortgage. Sitlingtons v. Brown, 7 Leigh 271.
And in a suit by a prior against a subsequent mortgagee, in which he claims priority over such subsequent mortgage, it was held that the mortgagor who was a parti' to the suit, was not' a competent witness for his co-parties and against the prior mortgagee, to prove that such prior mortgage is usurious. Beverley v. Brooke, 2 Leigh 425.
/. Crantors. — The grantor in a deed of trust for the benefit of creditors, was a competent witness for the claimant under the deed, to prove that the property levied on by the officer under an execution against the grantor, is the same conveyed in the deed. Kevanv. Branch, 1 Gratt. 274; Patteson v. Ford, 2 Gratt. 18.
g. Vendors of Land— A vendor of land according to certain lines was presumed interested, and therefore incompetent as a witness to establish those lines, unless it appeared that he did not warrant the title. Moon v. Campbell, 1 Munf. 600.
ft. Agents. — Atl agent is a competent witness to prove his own authority when it is by parol. Piercy v. Hedrick. 2 W. Va. 458. 98 Am. Bee. 774.
Where a party acts as. the agent for and in the name of his principal in signing the principal’s name to a promissory note, and whose identity he makes known at the time of executing the note, he is not personally liable, therefore not interested, and hence was a competent witness for the promisee in a suit against the principal. Piercy v. Hedrick, 2 W. Va. 458, 98 Am. Dec. 774.
If one, as agent for another, purchases a bill of exchange and endorses it to his principal, the latter may call the agent as a witness, if he first proves that he was an agent merely. Murray y. Carret, 3 Call 373.
A purchasing agent was a competent witness to prove that his principal had notice of an incum-brance, notwithstanding such agent joined in a deed conveying the property to the principal free from the claim of any person whalso.ever, for the vendor himself may be purchasing agent for the vendee by his appointment, and the vendee, by constituting him his agent, makes him a competent witness to prove the notice. Blair v. Owles, 1 Munf. 38.
i. Obligor anti Obligee— The principal obligor in a bond could not be a witness for his surety jointly bound with him, for the latter would have recourse against the former for the whole recovery against him, including all subsequent costs expended by him. J ones v. Raine, 4 Rand. 386.
So, also, a surviving obligor was not a competent-witness for a deceased co-obligor in an action on their joint bond against the personal representative of the latter. Brown v. Johnson, 13 Gratt. 644.
And in a controversy between the obligor and as-signee of a bond on the question of usury, it was held that the obligee was not a competent witness to prove the usury. Gilliam v. Clay, 3 Leigh 590; Wise v. Lamb, 9 Gratt. 294.
But the guarantor, without consideration of a bond, was a competent witness for the obligors, to prove th at it was given on a usurious consideration. Caldwell v. M’Oorlney, 2 Gratt. 187.
j. Principal and Surety. — 'The principal debtor was a competent witness for the sureties, to prove an agreement between the creditor and himself, which discharged the surety from liability. Steele v. Boyd, 6 Leigh 547, 29 Am. Dec. 218: Armistead v. Ward, 2 Pat. & H. 504.
One of two sureties in a joint and several obligation for the payment of money, having received from the creditor a covenant that he shall never be sued thereon, was a competent witness for such creditor, in a suit brought by him as mortgagee of the debtor’s land, to set aside a sale and conveyance of the land to third persons, under a prior deed of trust executed by the debtor. Waggoner v. Dyer, 11 Leigh 384.
i. Parties to Negotiable instruments. — This subject has been fully treated elsewhere in this series. See monographic note on "Bills, Notes and Checks” appended to Archer v. Ward, 9 Gratt. 622.
1. Attorneys— The mere fact that a person was the counsel in the cause for one of the parties did not render him incompetent as a witness for thatparty; and in order to ascertain whether he had any interest in the result of the suitor to test his credibility, it was held that he might be asked what his fee was. Rea v. Trotter, 26 Gratt. 685: Moats v. Rymer, 18 W. Va. 643, 41 Am. Rep. 703.
mi. Parent and Child. — A father is competent to testily in behalf of his children, where he has no other interestin the controversy than that produced by his relationship. This only affects his credibility. Grayson v. George, 85 Va. 908, 9 S. E. Rep. 13.
». Competency Restored by Release. — AX common law. the competency of a witness, disqualified by Interest, could always be restored by a proper ’release. Murray V. Carret, 3 Cali 373; Mandeville v. Perry. 6 Call 78; Richardson v. Carey, 2 Rand. 87; Reynolds v. Stephenson, 11 Leigh 369; Parrish v. Parrish, 11 Leigh 630; Unis v. Chariton, 12 Gratt. 484; Chapman v. Hiden, 2 Pat. & H. 91; Radford v. Fowlkes, 85 Va 840, 8 S. E. Rep. 817; Black v. Campbell, 6 W. Va. 61.
An interested witness who had been examined on a former trial without being released, could be rendered competent on a subsequent trial by a release. The objection only went to his credit. Jones v. Raine, 4 Rand. 386.
But the release of an heir and distributee to the administrator, of all interest in the matter of con *674 troversy and contract, did not restore his competency. Rowt y. Kile, Gilm. 202.
It was held, in actions against administrators of estates, that a distributee was a competent witness for the defendant, if he had made a valid release of all his interest in the estate. Janey v. Blake, 8 Leigh 88: Reynolds v. Stephenson, 11 Leigh 369; Parrish v. Parrish, 11 Leigh 626.
3. Grand Jurors. — It seems that a grand Juror is a competent witness to prove that a statement made by a person before the grand Jury on the finding of an indictment, is different from the statement made by the same person before the petit Jury on the trial of the indictment. Little' v. Com., 25 Gratt. 921.
On the other hand, it has been held that a grand juror cannot for any purpose be interrogated as to his action as a grand juror. State y. Baltimore, etc., R. R. Co., 15 W. Va. 363.
4. Petit Jurors.
Affidavits of Jurors to Impeach Their Verdict. — The general rnle.is well settled, with but few, if any, exceptions, that fhe testimony of j urors is inadmissible to impeach their verdict, either by showing their own misconduct, or by showing their igno•rance or mistake of law. Price v. Warren, 1 Hen. &M. 385; Shobe v. Bell. 1 Rand. 39; Harnsbarger v. Kinney, 6 Gratt. 287; Koiner v. Rankin, 11 Gratt. 420; Bull v. Com., 14 Gratt. 614; Howard v. McCall, 21 Gratt. 205: Read v. Com., 22 Gratt. 946 (in this case the affidavit of a third person, as to what he heard jurors say respecting their verdict, was held inadmissible to impeach it); Thomas v. Jones, 28 Gratt. 383 (affidavit of juror that he did not consent to verdict); .Steptoe v. Flood, 31 Gratt. 323; Danville Bank v. Waddill, 31 Gratt. 470; Moses v. Cromwell, 78 Va. 671; Elam v. Commercial Bank, 86 Va. 92,9 S. E. Rep. 498; Buchanan v. Ellicott, 4 W. Va. 681; Lewis v. McMullin, 5 W. Va. 582; Probst v. Braeunlich, 24 W. Va. 356; Bartlett v. Patton, 33 W. Va. 71. 10 S. E. Rep. 21, 5 L. R. A. 523; State V. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310; Graham v. Bank, 45 W. Va. 701. 32 S. E. Rep. 245; Reynolds v. Tompkins, 23 W. Va. 229 (affidavits of jurors as to how they understood instructions of court).
And this is so in the case of an issue out of chancery. Steptoe v. Flood, 31 Gratt. 323.
Reasons for Rule. — The reasons why the affidavits of jurors to impeach their own verdict should be rejected are: 1st, because they would tend to defeat their own solemn acts under oath; 2nd, because their admission would open the door to tamper with juryman after they have given their verdict; 3rd, because they would be the means, in the hands of a dissatisfied juror, to destroy a verdict at any time after he had assented to it. Steptoe v. Flood, 31 Gratt. 323; Danville Bank v. Waddell, 31 Gratt. 483; Graham v. Bank, 45 W. Va. 701,32 S. E. Rep. 246.
But in Moffett v. Bowman, 6 Gratt. 220, the testimony of jurors was received to prove that they rendered their verdict under a mistake as to its legal effect. See Cochran v. Street, 1 Wash. 79,
Affidavits of Jurors to Support Their Verdict. — In some cases the affidavits of jurors have been received in support of their verdict. But even then, they should be received with great caution. Com. v. McCaul, 1 Va. Cas. 271; Kennedy v. Com., 2 Va. Cas. 510; Overbee v. Com., 1 Rob. 756; State v. Cartright 20 W. Va. 32; State v. Harrison, 36 W. Va. 729, 15 S. E. Rep. 982; Graham v. Bank, 45 W. Va. 701, 32 S. E. Rep. 245.
In Koiner v. Rankin, 11 Gratt. 431, the court said: “I will remark that while affidavits of jurors will generally be received in support of their verdict, they will not readily be received to invalidate it.”
5. Childrbn.
General Rule. — It may be stated as a general rule, that a child of such tender years and feeble intelligence, as to be legally irresponsible for its conduct, and as to have no conception of the religious or moral significance of an oath, nor of the pains and penalties for false swearing, is not competent to testify. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803, 19 L. R. A. 605; Uthermohlen v. Boggs Run, etc., Co., 50 W. Va. 457, 40 S. E. Rep. 410, 88 Am. St. Rep. 884.
Presumption of Competency. — At the age of fourteen every person is supposed to have common discretion and the necessary understanding of the obligation of an oath, until the contrary appears; but under that age no such presumption arises. Oliver v. Com., 77 Va. 590.
In State v. Michael, 37 W. Va. 565,16 S. E. Rep. 803, the court said: “At fourteen years of age a witness is presumed to be competent, under that age, no such presumption arises. Under the age of six, presumption of incompetency would arise, and at the age of five the utmost limit would be ordinarily reached, unless extraordinary developments of the mental and religious faculties should be shown, to take the case out of the ordinary course of nature.”
Infant unciet Fourteen Years. — It is well settled, however, that an infant under fourteen years of age may be examined as a witness, provided he sufficiently appears to understand the nature and moral obligation of an oath. Oliver v. Com., 77 Va. 590.
node of Determining Capacity of Children, — Accordingly, it has been held that, when a witness of tender years is offered in a criminal case, and a doubt is raised as to the competency of such witness, it is the duty of the court to determine that question upon a careful examination of the witness as to age, capacity, and moral and legal accountability. State v. Michael, 37 W. Va. 565,16 S. E. Rep. 803,19 L. R. A. 605.
And If, on the examination of such witness, its incompetency appears, it is the duty of the court, on a motion, to exclude the child’s evidence from the jury; it would be error for the court to refer the question of competency to the jury, either by instruction or otherwise. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803, 19 L. R. A. 6Ó5.
Re-examination before Jury Improper. — Moreover, where the court has once decided in favor of the child’s competency, he cannot be examined before the jury touching his understanding of the obligation of an oath. Oliver v. Com., 77 Va. 590.
Test of Competency. — The competency of a child to testify depends, not on age, but on intelligence. Uthermohlen v. Bogg’s Run, etc., Co., 50 W. Va. 457, 40 S. E.Rep. 410, 88Am. St. Rep. 884; Oliver v. Com., 77 Va. 590.
Child Ten Years Old Held Competent. — In a prosecution for rape, it has been held that the prosecutrix, a child between ten and eleven years old, is a competent witness; the weight to which her testimony is entitled being a question for the jury. Givens v. Com., 29 Gratt. 830.
Child Five Years Old Held Incompetent. — But in State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803, a child of five years, introduced on behalf of the state, in a prosecution for rape, was held incompetent, owing, however, to the insufficient preliminary examination by the trial court to determine its competency. The court, in referring to the answers of the child made to questions propounded by the trial judge, said: "From none of her answers can her religious or moral accountability for falsehood be gathered. She knows nothing about God, nothing about Christ, has had no religious training or instruction, is only *675 five years of age, has never been to school, cannot read, does not know the letters of the alphabet, and seems to have been greatly neglected by her parents, who are from the humbler walks of life.’*
Discretion of Trial Court. — The examination of an infant witness as to his competency must be left to the discretion of the trial judge; and the discretion will not be reviewed by an appellate court, unless the error of the lower court be palpable and plain, amounting to an abuse of discretion. Uthermohlen v. Bogg’s Hun. etc.. Co., 50 W. Va. 457, 40 S. E. Hep. 411, 88 Am. St. Hep. 884; State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803, 19 L. H. A. 605.
Therefore, where the prosecutrix, in a prosecution for rape, who was twelve years old, was allowed to testify, the appellate court refused to set aside a verdict of conviction on the ground that she was too young to understand the nature of an oath, as it appeared that she was closely and critically examined by the court to determine her capacity and competency as a witness, and the jury were instructed that they were the judges of her credibility. Smith v. Com., 85 Va. 924, 9 S. E. Hep. 148.
6. Idiots and Lunatics. — All persons who are examined as witnesses must be fully possessed of their understanding, that is, such understanding as enables them to retain in memory the events of which they have been witnesses, and gives them a "knowledge of right and wrong; therefore, idiots and lunatics, whilst under the influence of their malady, not possessing their share of understanding, are excluded. Coleman v. Com., 25Gratt 865, 18 Am. Rep. 711.
But merely because a witness is a lunatic, is not enough per se to exclude him. If at the time of his examination he has a sufficient share of understanding to appreciate the nature and obligation of an oath, to discern between right and wrong, and to retain in memory the event of •which he has been witness, he is competent. Coleman v. Com.. 25 Gratt. 865, 18 Am. Hep. 711.
7. Want of Religious Belief. — Under the Virginia constitution, no person is incapacitated from being a witness, on account of his religious belief. Berry v. Com., 3 Gratt. 632.
8. Infamy.
Statement of Rule. — By the common law, a person convicted of an infamous offense was incompetent afterwards to be a witness. These offenses were treason, felony, or any misdemeanor of the sort known by the term crimen falsi. And by statute, a person convicted of felony shall not be a witness, unless he has been pardoned or punished therefor, and a person convicted of perjury shall not be a witness although pardoned or punished. Barbour v. Com., 80 Va. 287: Va. Code 1887, § 3898; W. Va. -Code. ch. 152, § 17.
Felonies. — A felony is an infamous offense. And a felony has been defined to be such an offense as may be punished by death or confinement in the penelentiary. Barbour v. Com., 80 Va. 288; Benton v. Com., 89 Va. 570, 16 S. IS. Hep. 725.
Accordingly, it has been held that a person who is tried and convicted of a felony, for which he has not been pardoned or punished, is not a competent witness, although the trial court in its discretion, assesvses his punishment at fine and imprisonment in jail. Benton v. Com., 89 Va. 570, 16 S. E. Hep. 725.
But the infamous character of a witness is not proven by evidence that he is given to rows and to putting them off on others. Briggs v. Com.. 82 Va. 554.
Petit Larceny, — At common law a conviction, even for petit larceny, rendered the party so convicted incompetent to testify, because that law recognized no distinction between grand and petit larceny, but considered both felonies. In Virginia, however, the statutes establish a distinction between these two oii'ences, and make petit larceny a misdemeanor. Therefore, a conviction for petit larceny does not disqualify a witness from testifying in Virginia, although the conviction took place in another state. Uhl y. Com., 6 Gratt. 706: Barbour v. Com., 80 Va. 287.
Perjury. — A conviction of perjury, forever disqualifies the party from testifying, and neither pardon nor punishment restores competency to the witness. Va. Code 1887, ch. 190, § 3898; W. Va. Code, ch. 152, § 17.
On the trial of an indictment for perjury, the commonwealth offered as a witness a person against whom a civil action was pending, and in which action the defendant in the indictment had been summoned as a witness for the opposite party. It was held, nevertheless, that the witness so offered for the commonwealth had no such interest in the prosecution as rendered him incompetent to testify, although it would be to his advantage to get rid of the accused as a witness against him, which would be the effect of the accused being convicted of perjury. Com. v. Hart. 2 Rob. 819.
Sentence Necessary to Disqualify. — A person found guilty of an infamous offence, but not sentenced, is a competent witness. Brown v. Com., 86 Va. 935, 11 S. E. Hep. 799; Woods v. Com., 86 Va. 929,11 S. E. Hep. 798.
West Virginia Statute — And, in West Virginia, a person convicted oí a felony and sentenced therefor, except it be for perjury, may, by leave of the court, be examined as a witness in any criminal prosecution, though he has riot been pardoned or punisned therefor. State v. Hatfield, 48 W. Va. 561, 37 S. E. Hep. 626.
Endurance of Punishment. — Where a convict has undergone the punishment or imprisonment in the penitentiary under his sentence, the statute restores to him competency as a witness. State v. Williams, 14 W. Va. 851.
Crimes Committed in Penitentiary. — Under the 58th section, 1 Hey. Code, 630, providing that when a crime is committed in the penitentiary, the judge shall require the keeper to produce the accused, together with any other person confined therein “ who may be witnesses either for the commonwealth or for the party charged, ” it was held by a divided court, that on the trial of a convict from the penitentiary, for a felony committed in the penitentiary, another convict confined there for a felony is a competent witness for the prosecution. Johnson v. Com., 2 Gratt. 581.
9. Accomplices.™!t is well settled that an accomplice, who has not been convicted and.sentenced for an infamous offence, is a competent witness on the trial of his associate in crime: and the accused may be convicted on the uncorroborated testimony of the accomplice, the jury being the judges of his credibility. Byrd v. Com., 2 Va. Cas. 490: Brown v. Com., 2 Heigh 769; Oliver v. Com., 77 Va. 590; Dove v. Com., 82 Va. 301; Woods v. Com.. 86 Va. 929,11 S. E. Hep. 798; Brown v. Com.. 86 Va. 935, 11 S. E. Hep. 799; State v. Betsall, 11 W. Va. 704; State v. Thompson, 21 W. Va. 757.
And although such testimony is suspicious, and emanates from abad source, the trial court cannot properly instruct the jury as to the weight of such evidence. State v. Betsall. 11 W. Va. 704; State v. Thompson, 21 W. Va. 756. But see Brown v. Com., 2 Leigh 777, where the court, in speaking of the credibility of an accomplice, said: “ The question of his credibility may surely be left to the determination of the jury under the superintendence of the judge who tries the cause.''
*676 It has heen held that though an accomplice has heen found guilty, yet if he has not heen sentenced he is competent. Brown v. Com., 86 Va. 985, 11 S. E. Rep. 799; Woodsy. Com., 86 Va. 929, 11 S. E. Rep. 798. Í .
Nor does the admissibility of an accomplice depend on the ancient and exploded doctrine of ap-provement. Byrd v. Com., 2 Va, Cas. 490; Oliver v. Com., 77 Va. 590. ■
Joint Indictment. — It was the rule at common law, and in Virginia formerly, that when two persons were jointly indicted for the same offence, a party in the same indictment was not a competent witness for his defendant, unless he had heen first acquitted, whether they were jointly or severally tried. Campbell v. Com., 2 Va. Cas. 314. : ■ ■ 1
But the present rule is that where two persons are jointly indicted for the same offence, hut separately tried, the one not then tried, and his wife, are competent witnesses for or against the one on trial. Lazier v. Com., 10 Gratt. 708; Smith v. Com., 90 Va. 759,19 S. E. Rep. 843. See Va. Code 1887.' § 3900.
Right of Accomplice, Turning'State’s Evidence, to Pardon. — In Virginia, it has heen held that even though an accomplice, called as a witness for the commonwealth on the trial of his associates, voluntarily gives evidence, and fully, candidly and impartially discloses their guilt as well as his own, he will yet have no legal right to a pardon for his own guilt. Com. v. Dabney, 1 Rob. 696.
10. Prosecutors. — It has heen held that the prosecutor in an indictment for assault and battery, is a competent witness for the commonwealth, though liable for costs in case the defendant is acquitted. Baber v. Com., 2 Va. Cas. 353; Gilliam v. Com., 4 Leigh 688.
11. Negroes. — In Virginia, it seems that a negro, that is, a person of one-fourth or more negro blood, was incompetent as a witness on the trial of a white man. Dean v. Com., 4 Gratt. 541. See Winn v. Jones, 6 Leigh 74; Hopper v. Com., 6 Gratt. 684.
But in West Virginia no person is incompetent to testify on account of race or color. W. Va. Code ch. 130, § 24.
12. Interpreters. — It is provided by statute that interpreters may he sworn truly to interpret, when necessary. Va. Code 1887, ch. 164, § 3357; W. Va. Code, ch. 130, § 30.
13. Husband and Wipe. — A full treatment of this subject will he found elsewhere in this series. See monographic note on “Husband and Wife” appended to Cleland v. Watson, 10 Gratt. 159.
HI. DETERMINING THE QUESTION OF COHPETENCY AND CREDIBILITY.
A. TIME POR MAKING OBJECTION TO COMPETENCY.
Before Direct Examination. — The general rule is that an objection to the competency of a witness must be taken before the examination in chief; but the rule is not inflexible. Hill v. Postley, 90 Va. 200, 17 S. E. IJep. 946; Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583.
Nor example, it has been held, that an obj ection to the competency of a witness is not necessarily waived, because not made before the examination in chief. Hill v. Postley, 90 Va. 200, 17 S. E. Rep. 946; Warwick v. Warwick, 31 Gratt. 70.
After Cross-Examination. — But where a party, with knowledge of the incompetengy of a witness, cross-examines him upon the issues involved, without objection to his competency, he will not he permitted afterwards to object to his competency. Hord v. Colbert, 28 Gratt. 49; Neilson v. Bowman, 29 Gratt. 732; Pillow v. Southwest Virginia, etc., Co., 92 Va. 144, 23 S. E. Rep. 32; Smith v. Profitt, 82 Va. 832, 1 S. E. Rep. 67; Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583.
It has heen held, however, that where an objection to the competency of a party as a witness is; written at the commencement of the deposition, the objection is not waived by the cross-examination. Neilson v. Bowman, 29 Gratt. 732, citing Statham v. Ferguson, 25 Gratt. 28.
In Appellate Court. — In Virginia, objection to the-competency of a witness cannot he taken for the-flrst time in the appellate court. Simmons v. Simmons, 33 Gratt. 452; McVeigh v. Chamberlain, 94 Va. 73, 26 S. E. Rep. 395; Baxter v. Moore, 5 Leigh 219.
But the rule is otherwise in West Virginia. Rose v. Brown, 11 W. Va. 122; Martin v. Smith, 25 W. Va. 580; Long v. Perine, 41 W. Va. 314, 23 S. E. Rep. 611.
B. EXAMINATION ON VOIR DIRE — In one case,, a witness was offered to he introduced, hut was objected to as being interested, and proof aliunde of his-interest was introduced. He was then examined by the party offering him on his voir Sire to show that, he had no interest, and this was objected to by the other party; hut before he was sworn in chief, a deed was introduced which showed that he had no interest. The court held that even if it was error" to examine the witness on his voir dire after his interest had heen shown by evidence aliunde, the error-was cured by the introduction of the proof of his-want of interest, before he was sworn in chief. Harrison v. Middleton, 11 Gratt. 527.
C. EXTENT OP COMPETENCY. — A witness is not. competent for one purpose only; if he is competent at all, he may he examined upon all questions pertinent to the issue. Steptoe v. Read, 19 Gratt. 1; Carter v. Hale, 32 Gratt. 119; Brock v. Brock, 92 Va. 173, 23 S. E. Rep. 224; Hoge v. Turner, 96 Va. 624, 32 S. E. Rep. 291.
It was held in a West Virginia case, however, that a witness may he competent to testify concerning-some of the facts in Issue, though incompetent as to others. South Branch R. Co. v. Dong, 43 W. Va. 131, 27 S. E. Rep. 297.
D. PROVINCE OP COURT.
1. Competency oh Witness. — The question of the-competency of a witness is for the court, because it is a question of legal ascertainment, requiring wisdom, knowledge and experience. Coleman v. Com.,. 25 Gratt. 865,18 Am. Rep. 711; State v. Michael, 37 W. Va. 565.16 S. E. Rep. 803.
E. PROVINCE OP JURY.
1. Credibility oh Witness. — But,the credibility of a witness is a question for the jury. Akers v.. DeWitt, 41 W. Va. 229, 23 S. E. Rep. 669; Harrison v-Brock, 1 Munf. 22; Lyles v. Com., 88 Va. 396, 13 S. E. Rep. 802; State v. Musgrave, 43 W. Va. 672, 28 S. E. Rep. 813; Hash v. Com.,88Va. 172,13 S. E. Rep. 398.
IV. INCOMPETENCY REMOVED BY STATUTE.
A. IN CIVIL CASES. — The incompetency of parties or persons interested in the event of an action, to testify, has heen removed by statute. W. Va. Code, ch. 130, § 23; Va. Code 1887, ch. 164, § 3345; Gordon v. Punkhonser (Va.}, 42 S. E. Rep. 677.
Under the statute in West Virginia, it has heen held that a party to a civil action may testify in behalf of himself, or of any other party, to prove the conditions upon which a bond was delivered. New-lin v. Beard, 6 W. Va. 110.
B. IN CRIMINAL OASES.
1. Right oh Accused to Testihy. — The statutes likewise provide, that the accused, on trial for a felony or misdemeanor, may, at his election, testify In his own behalf.^ W. Va. Code, ch. 152, § 19; Va. Code 1887, § 3897.
Purpose of Statute. — It has heen said that the sole purpose of this enactment was to give the accused *677 ran opportunity to testify or not as his interests might dictate. It was not intended to deprive him ■of that right, which he had before the passage of the statute, to deny his guilt and rely upon the legal presumption of innocence attaching to every person charged with crime. Price v. Com., 77 Va. 393.
May Testify as to His Peelings. — And since the passage of the statutes permitting the prisoner to testify in his own behalf, it has been held that he isa competent witness, in a murder case, to testify to the state of his own feelings when the fatal act was committed, his testimony to be taken for what the jury may think it worth. State v. Evans, 33 W. Ya. 417, 10 S. E. Rep. 792.
Thus, where a person indicted for shooting another with intent to maim, etc., takes the stand in his own behalf, he may be asked with what intent he shot at the person he tried to shoot. State v. Meadows, 18 W. Ya. 659.
Revocation of Liquor License. — But, even before the enactment of the statute, givingthe accused a right to testify in his own behalf, it was held that the defendant, in a proceeding against him to revoke his license to sell liquor, was competent to testify in his own behalf; those proceedings being civil in their nature. Cherry v. Com., 78 Ya. 375.
a. Cross-Examination of Accused— Where the accused takes the stand and testifies in his own behalf he must submit to cross-examination like all other witnesses, in order to test the truth of statements made by him on his examination in chief. Watson v. Com., 87 Va. 608, 13 S. E. Rep. 22. See State v. Meadows, 18 W. Ya. 666; State v. Lowry, 42 W. Ya. 205. 24 S. E. Rep. 561.
2. Comment by Prosecuting Attorney on Failure op Defendant to Testify. — But the statutes expressly provide that the failure of the accused to testify shall create no presumption against him, nor be the subjectof comment by the prosecuting attorney. Va. Code 1887, § 3897; W. Va. Code. ch. 152, §29; Price v. Com., 77 Va. 393; Stale v. Greer, 22 W. Va. 800.
Instances of Remarks Held Not Improper. — Tn one .case, where the prosecuting attorney, in argument before the jury, alluded to the failure of the accused >to testify in his own behalf, the court refused to reverse a judgment of conviction, and grant a new trial, because the prosecuting attorney, upon exception by the defendant's counsel, withdrew his remarks and asked the jury not to consider them, and the court declared the remarks improper, and directed the jury to disregard them. State v. Chisnell, 36 W. Va. 659, 15 S. E. Rep. 412.
And where the prosecuting attorney remarked that, although he had no right to swear any man accused of crime, he had the right to prove his statements, it was held that there had been no violation of the statute. Sawyers v. Com., 88 Ya. .356, 13 S. E. Rep. 708.
Nor is it a violation of the statute for the prosecuting attorney to remark that the prisoner had not accounted for his whereabouts at the time of the homicide, nor for his flight from the state, for these remarks have no reference to the failure of the accused to testify. Sutton v. Com., 85 Va. 128, 7 S.E. Rep. 323.
Remarks by Prosecuting Attorney to Prisoner’s Counsel. — Where a witness for the state, after his examination in chief, was turned over to the prisoner's counsel for cross-examination, and the prosecuting attorney suggested to the prisoner’s counsel, in the hearing of the jury, that they could prove a certain fact by their own parties when they were put on the stand, which they were now attempting to prove by their witness on cross-examination, it was held that this suggestion by the prosecuting attorney could not be considered as a reference made to or comment upon the prisoner’s failure to testify in his own behalf, or as falling within the inhibiting clause of § 19, ch. 352, of the West Virginia Code, because the time had not yet arrived when the prisoner could have introduced himself as a witness, and, of course, before that time no comment could be made on his failure to testify. The statute contemplates an opportunity having been afforded the prisoner to testify, and his failure to avail himself of it, and then forbids any comment State v. Ice, 34 W. Va. 244, 12 S. E. Rep. 695.
a. Time for Making Objection — .But an objection to comments by the prosecuting attorney on the failure of the accused to testify, comes too late after verdict, if the court can see that, under all the circumstances, a proper verdict has been rendered. Brice v. Com., 77 Va. 393.
Cf TRANSACTIONS WITH DECEDENTS.
1. In General — The statutes in Virginia and West Virginia, in removing the incompetency of parties or persons interested in the event of an action, suit or proceeding to testify, provided that where one of the parties to a transaction or communication is dead or otherwise incompetent to testify, then the other party to such transaction or communication shall not be permitted to testify. W. Va. Code, ch. 130, § 23; Va. Code 1887, § 3349.
Purpose of Enactments. — The plain purpose of these statutes was to declare that where the lips of one party to the original contract or transaction which is the subjectof investigation, are closed in death, the adverse party shallnot speak at all. thus putting the parties on terms of equality in regard to the opportunity of giving testimony. Grigsby v. Simpson, 28 Gratt. 348.
Does Not Create New Incompetency. — This statute, however, was not intended to create any new incompetency in witnesses to testify, not previously existing: but only to continue, in certain cases, the old incompetency of the common law. Therefore, a witness, competent to testify at common law. is competent under the statute. Reynolds v. Calla-way, 31 Gratt. 436; Goodell v. Gibbons, 91 Va. 608, 22 S. E. Rep. 504; Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927; Oliverv. Hayes, 1 Va. Dec. 182; Mutual Life Ins. Co. v. Oliver. 95 Va. 445, 28 S. E. Rep. 594; Radford v. Fowlkes, 85 Va. 820. 8 S. E. Rep. 817; Borst v. Nalle, 28 Gratt. 434.
Accordingly, it has been held that persons interested may testify against their interest under these statutory provisions, as they were competent to this extent even at common law. The statutes only prohibit them from testifying in their own behalf. Burkholder v. Ludlam, 30 Gratt. 255; McMechen v. McMechen, 17 W. Va. 683; Beall v. Shaull, 18 W. Va. 258; Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927; Coliman v. Hedrick, 32 W. Va. 119, 9 S. E. Rep. 65.
And it has been held that, in an action against an executor for the price of lumber sold to the defendant’s testator in his lifetime, the plaintiff’s agent, who sold and delivered the lumber, is competent to testify for the plaintiff as to tht transaction, because he would have been a competent witness at common law. Goodell v. Gibbons, 91 Va. 608, 22 S. E. Rep. 504.
Nature of Disqualifying Interest. — It also follows necessarily, that a person who is not a party to the record, and has no interest in the result of the suit, nor in the record as an instrument of evidence, is not disqualified by the statute, because we have seen that he was competent under such circumstances even at common law. Boyst v. Nalle, 28 Gratt. 423; Huffmans v. Walker, 26 Gratt. 314; *678 Knick v. Knick, 75 Va. 12; Gilmer v. Baker, 24 W. Va. 72; Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927.
But where one party to a contract is dead, the other being- a party to the suit and liable for costs, though a discharged bankrupt, is net competent to testify. Tunstall v. Withers, 86 Va. 892, 11 S. E. Rep. 565, citing and distinguishiiig Reynolds y. Callaway, 31 Gratt. 436, for in that case the discharged bankrupt was not a party to the suit.
Where A. purchased for valuable consideration, property of B. which is afterwards, by the terms of the sale, conyeyed to C., and C. promised in consideration thereof, to pay a debt due from A. to D., it was held that B. after C.’s death, is a competent witness to prove C.’s promise, as he is not a party to the suit and is not interested. Hooper v. Hooper, 32 W. Va. 526, 9 S. E. Rep. 937.
Interest in Result of Proceeding. — And the statute has not changed the common-law rule, that to exclude a witness he must have an interest to be affected by the result of the proceeding; an interest in the question litigated merely, does not exclude him. t Gilm er v. Baker, 24 W. Va. 72; Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927; Lawson v. Zinn, 48 W. Va. 312, 37 S. E. Rep. 612.
But although a party to a suit is interested only to the extent of costs, that is sufficient to disqualify him. Tunstall v. Withers, 86 Va. 893, 11 S. E. Rep. 565.
Test of Competency. — The test of competency of a party under the Virginia statute, is not the fact to which such party is called to testify, but the contract or other transaction which is the subject of investigation. Grigsby v. Simpson, 28 Gratt. 348; Grandstaff v. Ridgely, 80 Gratt. 18; Mutual Life Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. Rep. 594.
And it has been held repeatedly, that the test of the admissibility of testimony under the West Virginia statute is, does it tend to prove what the real transaction between the parties was. If so, it is not admissible. Fouse v. Gilflllan, 45 W. Va. 218, 32 S. E. Rep. 178; Poling y. Huffman, 48 W. Va. 639, 37 S. E. Rep. 526; Paxton v. Paxton, 38 W. Va. 616, 18 S. E. Rep. 765.
2. Who Are Disqualified.

a. Parties to Action.

(■) Rule In West Virginia. — In West Virginia, no party to an action, nor any person interested in the event thereof, shall be examined as a witness in his own behalf in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, against the personal representative, heir at law, next of kin, assignee, legatee,' devisee or survivor of such deceased person. W. Va. Code, ch. 130, § 23.
When Adverse Rarty Competent. — Unless such personal representative, Garter v. Gill, 47 W. Va. 504, 35 S, E. Rep. 828, heir at law, Metz v. Snodgrass, 9 W. Va. 190, or other beneficiary be first examined on his own behalf in regard to the same transaction or communication.
But when executors, heirs, or other beneficiaries claiming under a deceased person, testify in their own behalf as to transactions or communications had with the-decedent, the testimony of the adverse party must be confined to a rebuttal, denial or explanation of the testimony given by the executor, heir, or other beneficiary, and be cannot be permitted to go beyond this and give substantive testimony as to such personal transaction or communication bad by him with the deceased person and thus prove and establish his claim against the estate of the decedent by bis own testimony. Kimmel v. Shroyef, 28 W. Va. 510; Zane v. Pink, 18 W. Va. 695.
Thus, where the heir of a deceased person has¡ been allowed to testify to - a personal transaction between the decedent and the defendant, which tends to fix liability on the defendant, then the latter is entitled to testify in bis own behalf, in respect to the transaction testified to by the heir, but not as to any other transaction had personally with the decedent. Metz v. Snodgrass, 9 W. Va. 190.
And in a suit brought by the legal heir of a testator against bis devisee and legatee to set aside the will, it was held that the defendant is not competent to testify in bis own behalf, on cross-examination by bis counsel, as to conversations or communications bad by him personally with the deceased, when he was not examined in chief by the legal heir as to these conversations or communications, but the conversation or communication was entirely new matter introduced by the defendant in bis own behalf. It was unnecessary to decide in this case bow far the defendant might testify in his own behalf on cross-examination, as to transactions or communications had personally with the deceased party, when such evidence is in explanation of facts drawn from him on bis examination in chief. French v. French, 14 W. Va. 460.
Cases in Which Statute Has Been Applied. — Where a written contract dividing land specified a fence as a line, and on the day of the contract, just after its signing, one of the two parties surveyed the lines, fixing a certain fence as the one referred to in the contract, it was held that he cannot, after the death of the other, give evidence denying the fixing of that fence as a line. Anderson v. Jarrett, 43 W. Va. 246, 27 S. E. Rep. 348.
And conversations held with a deceased person at any time, though not on the subject in controversy, but which simply tend to prove facts which would go to show that the subjects in controversy should be decided against the representatives of the deceased, cannot be proven by the adverse party with whom the alleged conversations w.ere held. Anderson v. Cranmer, 11 W. Va. 562.
Directors and Stockholders of Corporation. — It has been held that directors and stockholders of a corporation are incompetent to testify against the administrators and heirs at law of a deceased person in favor of such corporation, as to any communication had with such deceased person in their official capacity as such directors, unless such administrator and heirs at law are examined as to such Communications or transaction in their own behalf, or the testimony of such deceased person touching the same is given in evidence. Huntington, etc., Co. v. Thornburg, 46 W. Va. 99, 38 S. E. Rep. 108.
Payment and Loss of Note or Bond, — In a controversy between the surviving party and the administrator of the deceased party as to whether a note or bond given by the former to the latter had been paid, it was held that such surviving party was not a competent witness to prove the payment of the .debt by him, and the delivery of the note or bond to him by the decedent at the time of payment; nor that after its delivery, and .while in his possession, it was lost or destroyed. Calwell v. Prindle, 11 W. Va. 307.
And after the death of the parties to an agreement for the sale of land, the heir of one of them is incompetent as a witness in his own behalf to prove that the agreement has been lost or destroyed, and to give its contents. Robinson v. James, 29 W. Va. 224, 11 S. E. Rep. 920.
When Adverse Party Does Not Testify against Decedent’s Interest. — But where the other party to a transaction with a person since deceased, is not testifying against the interest of such deceased person, he is a competent witness in his own behalf, *679 notwithstanding the death of the other party to the transaction. For example, in a suit brought by a creditor to set aside a deed for fraud as to his debt, the grantee was held competent to testify in support of his title and the good faith of the transaction between himself and the decedent, whose personal representatives or heirs are made parties defendant to the suit. Farmers’ Bank y. Gould, 42 W. Va. 132, 24 S. E. Sep. 547.
Person Through Whom Party Derives Title. — Moreover, a person from, through, or under whom a party interested in the event of the suit derives title, is incompetent to testify as to transactions had with a deceased person, against the estate of such decedent.
For example, in a suit in equity brought to enforce the settlement of the accounts of an administrator, a party to whom the administrator pays a debt which is claimed to exist against the estate of the intestate, and from whom he receives a voucher, and derives title as administrator to such claim, is not a competent witness to prove such claim a valid debt, against the estate. Dawson v. Hemelrick, 33 W. Va. 675, US. E. Rep. 33.
And a grantor in a deed delivered to the grantee cannot, after the death of the grantee, testify against his heirs that the deed was delivered to the deceased upon a condition. Faxton v. Paxton, 38 W. Va. 616, 18 S. E. Rep. 765.
Must Be Party to Suit. — In order that the witness may be excluded under the West Virginia statute, he must be a party to the suit or proceeding.
Thus, a person jointly bound with a deceased person may testify in a suit to which he is not a party, against the representatives of such deceased person in relation to transactions and conversations had personally with such deceased person, notwithstanding the fact that his testimony tends to throw the -whole of such liability, in that suit, on the estate and sureties of such deceased person. Gilmer v. Baker, 24 W. Va» 72.
Nominal Parties.--But a party to a suit, although he has no interest in its result, is incompetent to give evidence of a personal transaction or communication between him and a person who, at the time of the examination of such party, is dead, against a devisee of such deceased person. Patterson v. Martin, S3 W. Va. 494, íü S. E. Rep. 817.

b. Parties to Contract

(i) Rule in Virginia. — The rule in Virginia is that, where one of the original parties to the contract or transaction, which is the subject of investigation, is dead, or otherwise incapable of testifying, the other party to such contract or transaction shall not be permitted to testify in his own favor or in favor of any other person whose interest is adverse to that of the party so incapable of testifying. Va. Code 1887, ch. 164, § 3346; Mason v. Wood, 27 Gratt. 783; Brown v. Dickenson, 27 Gratt. 690; Grigsby v. Simpson, 28 Gratt. 348; Morris v. Grubb, 30 Gratt. 286; Parent v. Spltler, 30 Gratt. 819; Garter v. Hale, 32 Gratt. 115; Ellis v. Harris, 32 Gratt. 684; Borst v. Nalle, 28 Gratt. 424; Smith v. Bradford, 76 Va. 759.
And, where one of the parties to the contract is dead, the adverse party is incompetent to testify in the cause, even as to a matter which occurred after the death of the other party thereto. Mason v. Wood, 27 Gratt. 783.
The incompetency of the opposing party to testify, by reason of the death of the other contracting party, also renders incompetent the co-contractors of the decedent, their assignee, and the heir of any deceased assignee, who is a party to the suit and interested in the result. Ginter v. Breeden, 90 Va. 565, 19 S. E. Rep. 656.
Cases in Which Statute Has Been Applied.
Surviving Obligors. — In an action of debt on a bond by the obligee against the surviving obligors, or against the personal representative of a deceased obligor, it was held that none of the surviving obli-gors were competent witnesses on behalf of the defendant against the plaintiff. Carter v. Hale. 32 Gratt. 115, following Grigsby v. Simpson, 28 Gratt. 349; Mason v. Wood, 27 Gratt. 783.
Sureties on Bonds. — In Parent v. Spitler, 30 Gratt. 819, two commissioners sold land and took from the purchasers bonds for the purchase money, with sureties. The court held that the sureties on these bonds were incompetent after the death of one of the commissioners, to prove that the purchase money was tendered to the deceased commissioner and accepted by him, because the estate of the commissioner was directly interested in the matter.
And in a suit brought to establish a trust in land, of which the plaintiff's mother was the legal owner, alter the mother’s death, the plaintifls are not competent to testif3r to declarations of the mother tending to show a recognition of the trust. McDevitt v. Frantz, 85 Va. 740, 8 S. E. Rep. 642.
When Adverse Party Testifies in Behalf of Deceased — But where a person, having an interest adverse to that of the surviving party to a transaction, is first examined as a witness in behalf of the deceased party, this renders the surviving party a competent witness in his own behalf. McVeigh v. Chamberlain, 94 Va. 73, 26 S. E. Rep. 395; Cottrell v. Watkins, 96 Va. 783, 32 S. E. Rep. 470. And in an action by an administrator against a distributee of an estate, where other distributees, having an interest adverse to the defendant, had been allowed to testify in their own behalf concerning declarations of the decedent, it was held that the defendant is thereby rendered competent to testify in his own favor, not only as to the matters testified to by the previous witnesses, but upon all questions pertinent to the issue. Brock v. Brock. 92 Va. 173.23 S. E. Rep. 224.
in an action against a surviving partner upon a transaction in which the deceased partner was the acting party, the plaintiff introduces the defendant as a witness. It was held that the defendant so introduced became a competent witness in the cause, but that this did not render the plaintiff a competent witness. Terry v. Ragsaale, 33 Gratt. 342.
When Party, Deriving Title from Deceased, Testifies in His Own Behalf. — Moreover, where one party to a contract is dead, the other party may testify if any one succeeding to the interest of the deceased testifies adversely, in his own interest. For example, the plaintiff in an action to enforce against an estate a claim arising under a contract with the deceased, is rendered a competent witness by an heir becoming a witness in his own interest. Copeland v. Copeland (Va.), 24 S. E. Rep. 218.
Parties to Contract. — The statute in Virginia applies only to one who is a party to the conti act or transaction, which is the subject of investigation. Martzv. Martz, 25 Gratt. 361; Grandstalf v. Ridgely, 30 Gratt. 4.
Therefore, a witness who is not a party to the contract or transaction which is the subject of investigation, is not disqualified on account of interest only, although one of the original paities to such contract or transaction be dead, insane, or incompetent to testify by reason of infancy or any other legal cause, and for that reason the other party is rendered incompetent to testify. Huff-mans v. Walker, 26 Gratt. 314; Simmons v. Simmons, 33 Gratt. 451; Knick v. Knick. 75 Va. 12; Hall v. Kixey, 84 Va. 790, 6S. E. Rep. 215. See Hughes v. Harvey, 75 Va. 200; Baldwin v. Baldwin, 76 Va. 345.
For example, it has been held that one not a *680 party to a "bond, but who has agreed, with the obligor to pay it, and has received from him money for that purpose, is a competent witness to prove payment, though the obligee is dead. Wager v. Barbour, 84 Va. 419, 4 S. 32. Rep. 843.
And where a lunatic was not a party to a contract made by his existing committee with a former committee concerning the* lunatic’s affairs, it was held that his existing committee was competent to testify in regard to such contract. Carter v. Ed-monds, 80 Va. 58.
g.Donor and Donee. — A donee is not, after the death of the donor, a competent witness to prove delivery to himself of a gift by the donor. Lee v. Patton, 50 W. Va. 20, 40 S. E. Rep. 353.
And it has been held that a widow is incompetent to prove a gift of bonds to her'by her deceased husband before marriage, as against the claims of his creditors. Martin v. Smith, 25 W. Va. 580.
d. Heirs and Distributees. — After the death of the parties to an agreement for the sale of land, an heir of one of them is incompetent to testify in his own behalf in regard thereto. Robinson v. James, 29 W. Va. 224, 11 S. E. Rep. 920.
So, also, a distributee is not a competent witness to testify concerning a judgment which an executor has paid as security for him, where the executor is then dead and incapable of testifying. Boyd V. Townes, 79 Va. 118.
And, where one distributee claims personalty in the possession of an ancestor at his death, under a parol purchase by the distributee from the ancestor, the distributee is not, in a suit with his codistribu-tees, competent to prove the purchase. Saunders v. G-reever, 85 Va. 252, 7 S. E. Rep. 391.
One who would inherit, but for the will, is incompetent, under ch. 130, § 23 of the West Virginia Code, to testify against the testator’s capacity to make the will. Kerrv. Lunsford, 31 W. Va. 659,8 S. E. Rep. 493.
But in a suit by an administrator to set aside a transfer of personal property by the decedent, it has been held that the distributees are competent witnesses to support the claim of the transferee, because in such case they do not testify in their own favor, but against their own interest. Crothers v. Crothers, 40 W. Va. 169, 20 S. E. Rep. 927.
e. Subscribing Witness — One. of the subscribing witnesses to a will, who is unprovided for in the instrument, is, in the absence of the other subscribing witness, competent to - prove its execution, although he is a party to the suit brought to impeach the validity of the will, and would inherit a portion of the property devised in the absence of the will. Coffman v. Hedrick, 32 W. Va. 119, 9 S. E. Rep. 65.
f. Husband and Wife.— It has been .held in West Virginia, that, notwithstanding the statute removing the i-ncompetency of husband and wife to testify for or against each other, the wife is incompetent to testify for her husband and against the administrator of a deceased person in regard to any transaction or communication had personally between her husband and such deceased person in his lifetime. In this case the husband was clearly incompetent, and on account of the identity of interest between husband and wife, the court said the wife was likewise incompetent. Kilgore v. Hanley, 27 W. Va. 451. See Oliver v. Hayes, 1 Va. Dec. 180.
The wife is incompetent to prove any transaction or communication personally between herself and her husband going to create or sustain a resulting trust, or any admissions by him of its existence, not only as against his heirs, but also his creditors seeking to subject the property. Smith v. Turley, 32 W. Va. 14, 9 S. E. Rep. 46.
And, in assumpsit against husband and wife jointly, both of whom are parties in interest, the plaintiff cannot testify as to matters in the knowledge of both himself and the husband, where the latter is excluded as a witness because of his wife’s interest. Johnson v. Fry, 88 Va. 695, 12 S. E. Rep. 973, 14 S. E. Rep. 183.
But to exclude the evidence of a wife after the death of her husband as to conversations between the wife and husband, it must not only appear that she testifies against the parties mentioned in the statute, but also that she testifies in her own behalf, that is, she must also testify in her own individual interest, unless the conversations were such as would be excluded at common law. McMechen v. McMechen, 17 W. Va. 683. See White v. Perry, 14 W. Va. 66.
g. Debtor and Creditor — A. debtor, executing a deed of trust tp secure a creditor, is incompetent to testify that it was procured from him by false representations of the trustee, both trustee and creditor being dead. Paxton v. Paxton, 38 W. Va. 616, 18 S. E. Rep. 765.
And a creditor is not a competent witness to establish a claim in his own right against the estate of his deceased debtor. Tate v. Tate, 75 Va. 522.
h. Parties to Negotiable Instruments — In an action on a promissory note the maker is not competent to testify in his own favor, after the death of the payee, when no person, having an interest adverse to the makers, has testified to some fact occurring before the payee’s death. Wells v. Ayres, 84 Va. 341, 5 S. E. Rep. 21.
So, also, where one of the joint makers of a promissory note is dead and an action is brought against the survivor to recover on such note, it has been held that the plaintiff in such action is incompetent to testify in his own behalf against the defendant. Hefflebower v. Detrick, 27 W. Va. 17.
And it has been held that where* two persons endorse a note, and one dies, then the other is incompetent to show that the deceased became jointly bound with the maker. Quarrier v. Quarrier, 36 W. Va. 310, 15 S. E. Rep. 154.
i. Cosureties — In a suit by a surety’s administrator against his principals and a cosurety for reimbursement, the cosurety is an incompetent witness. Harper v. McVeigh, 82 Va. 751,1 S. E. Rep. 193.
j. Partners. — Before the word "survivor” was enacted into the West Virginia Code, ch. 130, § 23,' it was decided that a party to a civil action was competent to testify in his own behalf, against a surviving partner, in respect to a transaction had by him with the deceased partner. Carlton v.. Mays, 8 W. Va. 245.
Where one of two members of a firm, acting within the scope of his authority, borrowed from a guardian the ward’s money in the name of and for the use of his firm, and the other partner subsequently died, it was held in a suit by the ward against the deceased partner’s estate to recover the loan, that both the guardian and the surviving partner were competent witnesses, notwithstanding the death of the other partner. Meriweather v. Shifiett, 1 Va. Dec. 385.
3. Transaction with Deceased Party’s Agent. —The adverse party is competent to testify in his own behalf, in respect to a transaction or communication, personally had with the agent of a deceased or otherwise incompetent person, when such agent is alive and capable of testifying. Va. Code 1887, ch. 164. § 3346 ; Reherd v. Clem, 86 Va. 374,10 S. E. Rep. 504. See Owens v. Owens, 14 W. Va. 88, 94, opinion of Haymond, J.
*681 But in West Virginia it makes no difference whether the agent is dead or alive at the time the testimony is offered. Voss v. King. 33 W. Va. 236, 10 S. E. Rep. 402.
It has been held, however, that the examination oí' the adverse party must be confined to such portion of the transaction or communication as was personally had with the agent. Reherd v. Clem. 86 Va. 374, 10 S. E. Rep. 504.
But where the plaintiff, in an action upon a note given to her in consideration of an antecedent indebtedness, is incompetent to testify, the defendant's testimony is not rendered competent by the fact that the note was given at the instance and in the presence of the plaintiff’s agent, who has testified in the case, the contract having been made with the plaintiff and not with the agent. Hill v. Postley, 90 Va. 200, 17 S. E. Rep. 916.
Officer before Whom Deed is Acknowledged. — An officer before whom a deed is acknowledged is not an agent of the grantee, nor a party to the transaction, so as to render the testimony of the grantor admissible, after the death of the grantee. Booth v. Mejillón, 82 Va. 827. 1 S. E. Rep, 137.
But it has been held that an agent of the board of public works, is a competent witness to prove an arrangement between himself and the board, although two of its members have since died. Kelly v. Board of Public Works, 75 Va. 264.
Bank Directors. — And bank directors are competent witnesses to testify in behalf of the bank in an action by the bank against a third person, although they were the agents of the bank who negotiated the transaction in suit with the third party, and the latter is dead. First Nat. Bankv. Terry, 99 Va. 194, 37 S. E. Rep. 813.
Contract of Insurance. — In a contractor insurance, the original parties to the contract are the assured and the insurance company, therefore, in an action on the policy, the agent of the company who procured the policy, is a competent witness on behalf of the company, although the assured be dead at the time of the trial. Mutual Rife Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. Rep. 594. See Richmond, etc., R. Co. v. New York, etc., R. Co., 95 Va. 386, 28 S. E. Rep. 573.
4. Actions you Work, Babor, and Services Rendered. — Iii an action of assumpsit against the personal representative to recover for work, labor and services rendered the deceased, the plaintiff cannot testify as to what work and labor he had done for the decedent in his lifetime, or what services he had rendered him, as this would be testifying in regard to personal transactions with the decedent. Owens v. Owens, 14 W. Va. 88.
And where one of the parties to a written contract dies, and the survivor brings suit on the contract for services performed thereunder, and offers him as a witness to prove what services were rendered, it was held that so much of his testimony as tended to prove what the transaction was should be excluded. Poling v. Huffman, 43 W. Va. 639, 37 S. E. Rep. 526.
But, it has been held that a contractor is competent to testify in his own behalf, as to furnishing labor on or material for a building, which he has contracted to build, although the other party to the agreement is dead, where his testimony does not tend to prove what the transaction was between them. Fouse v. Giliillan, 45 W. Va. 213. 32 S. E. Rep. 178.
5. Independent Facts. — A party to an action, or interested therein, may testify to any fact, which is material in evidence, and does not involve a personal transaction or communication with the opposite party, notwithstanding the death of the other party. South Branch R. Oo. v. Bong, 43 W. Va. 131, 27 S. E. Rep. 297, citing 29 Am. & Eng. Enc. Law (1st Ed.) 740.
For example, when the question is whether the acts of a deceased person, in building a dam across a stream, inj ured the land of the plaintiff, the plaintiff is a competent witness to prove the condition of his land, the character of the stream doing the injury, the effect of the dam on the stream, and on the adjacent lands of the plaintiff, because these are independent facts, and relate to transactions with the deceased; therefore, his testimony, if untrue, could be rebutted by others, as readily as by the deceased. Field v. Brown. 24 Gratt. 74.
6. Conversation retween deceased and Third Party. — It has been held that a party to an action is incompetent to testify as to a conversation between the deceased, under whom he claims, and a third party, in the presence and hearing of the witness, whether he took any part in the conversation or not. Robinson v. James, 29 W. Va. 224, 11 S. E. Rep. 920. In this case the court said: “There is, I think, no real difference in the intent of the law between a conversation held between the defendant and a third person, in the presence of the plaintiff, which he overheard, and such a conversation, in which he took part. The same reason exists for excluding the evidence in the former as in the latter.”
In Seabrighl v. Seabrighl, 28 W. Va. 463, it is said : “From Judge Haymond’s opinion in Owens v. Owens, Administrator, 14 W. Va. 97-8, we may infer, that in his opinion ‘personal communication’ with the deceased would include a conversation held bj the deceased in the presence of the interested party produced as a witness, though the conversation was not with the witness, but he simply testified to having overheard, such conversation and what was said by the deceased. This question has not been decided in this state, but I am of the impression at present, that, whenever itsffiallbe presented, such witness will be decided incompetent to testify to such conversation with a deceased person. ”
7. Competency of Personal Representative. —The personal representative of a deceased party, or a devisee or legatee under his will, are not parties to the transaction within the meaning of the Virginia statute. Marta v. Marta, 25 Gratt. 361; Ellis v. Harris, 32 Gratt. 684.
But where the executor is also an adverse claimant to the estate oí his intestate he cannot testify as executor and then offer himself asa witness on his own behalf as an adverse claimant, because he had previously testified as executor. If such were the law, the personal representative could always make himself a competent witness in his own behalf against the estate of his decedent. Kimmel v. Shroyer, 28 W. Va. 512, citing Martin v. Smith, 25 W. Va. 579; Seabrightv. Seabrighl. 28 W. Va. 412.
8. Meaning oe Certain Words and Phrases in Statutes.
Virginia Statute. — A will is not a contract within the meaning of the Virginia statute. Marta v. Marta, 25*Gratt. 861.
“Subject of Investigation.” — in. a suit by an as-signee against his assignor on recourse, the subject of investigation is the assignment whereon the claim is based, and not the communications between the deceased assignor and the assignee’s attorney, wherein the former directed the latter not to sue on the assigned claims. Hall v. Rixey, 84 Va. 790, 6 S. E. Rep. 215.
And it has been held, that in an action upon a bond, “the subject of investigation.” within the meaning of the statute, is the bond. Carter v. T-lale, 32 Gratt. *682 115; Grigsby v. Simpson, 28 Gratt. 348. See Oliver v. Hayes, 1 Va. Dec. 180.
In a suit to enforce a vendor’s lien, the testimony of the vendee as to the sale was “in his own favor,” even though the claim against him was barred by limitations, and his interest in the suit was only as to the cost. Tunstall v. Withers, 86 Va. 892, 11 S. E. Rep. 565.
West Virginia Statute.
What Is a “Transaction” within Meaning of Statutes. —In Owens v. Owens, 14 W. Va. 94, the court, in construing ch. 130,123 of the West Virginia Code, said: “A contract, whether express or implied by law, is a transaction. And it seems to me, that when one person testifies, that he did work and labor for another, generally he must be taken and considered as testifying to a transaction, in legal contemplation, between him and such other person, within the true meaning and intent of the law now under consideration, because the testimony of the witness tends to prove, in legal effect, not only a request to do the work, but also a promise to pay him therefor, what the same was reasonably worth, and also that he did the work in consideration of such request. The doing of the work and labor is the consideration of the contract or promise to pay, whether express or implied, and it seems to me, cannot be separated from the contract or transaction very easily.”
The Word “Against” in West Virginia Statute. — it has been held that the word “against,” as used in the West Virginia statute, does not mean on opposite sides of a suit, but as having opposing interests in the suit, whether on the same side as coplaintiffs or codefendants, or on opposite sides as plaintiffs or defendants. Seabright v. Seabright. 28 W. Va. 415.
“Grantees.” — The word “grantees,” has been construed to be included in the word “assignees,” contained in the statute. Zane v. Pink, 18 W. Va. 695.
Devisees and Legatees. — And the devisees of a testator are his assignees within the meaning of the statute. McMechen v. McMechen. 17 W. Va. 683.
“Survivor of Such Deceased Person.” — Moreover, the class intended to be designated by the words “survivor of such deceased person,” includes every person, who by reason of his surviving the deceased becomes, as such survivor, interested in the subject of the controversy, as, for instance, a widow, who claimed as distributee a share in her husband’s estate, when the question in controversy was, whether her husband in his lifetime had given away a portion of his personal property to one, who was his executor, or whether such personal property was her husband’s at the time of his death. Seabright v. Seabright, 28 W. Va. 415.
“Next of Kin.” — Within the meaning of the statute, the phrase “next of kin,” includes any distributee of the deceased intestate, as for instance his widow, and is not confined to his nearest blood relations. Seabright v. Seabright, 28 W. Va. 415.
9. Admissibility oe Deceased’s Deposition.— Within the meaning of the West Virginia statute, a party testifies in his own behalf when his deposition is read at the hearing of the cause, not at the time when it is actually taken. Hence, though the adverse party was living when his deposition was taken, it ought to be excluded if he was dead at the time such deposition is proposed to be used in the cause. Zane v. Pink, 18 W. Va. 695; Seabright v. Seabright, 28 W. Va. 415; Vanscoy v. Stinchcomb, 29 W. Va. 263,11 S. E. Rep. 927.
In Keran v. Trice, 75 Va. 690, the deposition of one of the original parties to the transaction was taken, the other party to the transaction being present and cross-examining him. Afterwards the deponent died, and the other party gave his deposition. It was held that the deposition of the survivor could not be read, because the other party to the transaction was dead when he deposed, and, hence, he was disqualified when the deposition was taken; but not so with the deposition of the deceased party, because he was competent to testify in his own behalf when he deposed. The court thought that the deposition of the survivor might perhaps have been read, if it had been taken after, instead of before the amendment (Acts 1876-77, ch. 198, ch. 256) went into operation.
D. TRANSACTION WITH INSANE PERSONS.— No person interested in the event of any civil suit, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination, insane, as against such insane person or his committee. Trowbridgev. Stone, 42 W. Va. 454, 26 S. E. Rep. 363.
V. EXAMINATION OP WITNESS.
A. IN GENERAL. — In practice, itis the interroga-' tion of a witness, in order to ascertain his knowledge as to the facts in dispute between the parties.
The examination in chief is that made by the party calling the witness; the cross-examination is that made by the other party. 1 Bouv. Law Diet. p. 711.
1. Discretion oe Trial Court. — The examination of witnesses lies chiefly in the discretion of the trial court, and its exercise will never be controlled or interfered with by an appellate court, unless it plainly appears that some injustice has been done. Brooks v. Wilcox, 11 Gratt. 411; Scott v. Shelor, 28 Gratt. 891; Taylor v. Com., 77 Va. 692; Burke v. Shaver, 92 Va. 345, 23 S. E. Rep. 749.
The mode of conducting trials, the order of introducing evidence, and the times when it is to be introduced, are properly matters belonging to the trial courts, with which the appellate court will not interfere; and the trial courts must necessarily be vested with a large discretion in the regulation of their practice, but such discretion does not extend to the exclusion of legal evidence offered in its proper order. McManus v. Mason, 48 W. Va. 196, 27 S. E. Rep. 293, citing Railroad Co. v. Simpson, 14 Pet. 463.
2. Leading Questions.
Statement of Rule — Leading questions, that is, such as instruct a witness bow to answer on material points, are not allowed on the examination in chief; for to direct witnesses in their evidence, would only serve to strengthen that bias, which they are generally so much disposed to feel, in favor of the party that calls them. Vassv. Com., 3 Leigh, 786, opinion of Lomax, J. Hausenfiuckv. Com.,85Va. 707, 8 S. E. Rep. 686. See Morgan v. Ins. Co., 6 W. Va. 500.
riust Suggest Answer Desired. — But a question is not open to tb e obj ection of being leading, unless it in some manner indicates to tbe witness tbe answer desired. State v. Henderson, 29 W. Va. 147,1 S. E. Rep. 225.
Merely Directing Attention of Witnesses. — For questions are not leading which merely direct the witness’ attention to the subject as to which he is questioned, without suggesting the answer. Clu-verius v. Com., 81 Va. 787.
Question Held Not Leading. — For example, in an action against a county court for a balance due on a contract to construct a bridge, it was held that a question to a witness as follows: “Did the county court, at any time, accept that bridge, or any part of it, and take it off the contractor’s hands?” was not objectionable on the ground that it is leading; it does not suggest the answer expected, and leaves *683 him free to answer it as he chooses. Chenowith v. County Court, 32 W. Va. 628, 9 S. E. Rep. 910.
Question Held to Be Leading. — But where the defendant ashed a witness, called by him, “what the plaintiff said to him about the said other work, and^ if he was not to pay the defendant full plasterer’s' prices therefor?" it was held that, strictly interpreted, the question was leading. Brodie -v. Clator, 8 W. Va. 599.
Dying Declarations.™!! has been held that the rule excluding leading questions to witnesses is not applicable to the case of dying declarations made in answer to leading questions put to the declarant. Vasa v. Com., 8 Heigh 786, 24 Am. Dec. 695.
Questions in Words "Whether or Not.” — And a question to a witness in the words “whether or not” is not ordinarily objectionable as leading. State v. Henderson, 29 W. Va. 147, 1 S. HI. Rep. 225.
For example, in Lemmons' Case. 6 Gratt. 684, it was held that such questions as: “State whether or not you examined the horse track towards Cro-gan's ?'-' “State whether or not you had any difficulty in following the tracks," are not improper leading questions.
Discretion as to Leading Questions. — When, and under what circumstances, a leading question may be put is a matter resting in the sound discretion of the trial court. Accordingly, it has been held that where a witness is reluctant or slow of understanding, and the question does not produce any material addition to the previous words of the witness. the asking of leading questions, under such circumstances, is no ground for reversal. Elausen-fluck v. Com., 85 Va. ?02, 8 S. Jffi. Rep. 683.
Duty of Counsel to Object to Form of Question.— Where the evidence sought to be adduced by a leading question is competent, it is the duty of counsel to direct his attention to the form of the question so as to give the opposite party an opportunity to bring out the evidence by a question free from objection. Washington, etc., R. Co. v. Quayle, 95 Va. ? U, 30 S. E. Rep. 391.
When Objection Must Be Made. — But after a question has been propounded to a witness, and he has been allowed to answer it without objection, it is too late then to object on the ground that the question was leading. Jackson v. Commonwealth, 96 Va. 107, 30 S. E. Rep. 452.
How Answers to Leading Questions Suppressed.— The evidence of a witness given in answer to leading questions, ought not on that ground to be suppressed. otherwise, than by an order of the court, made before the hearing of the court, on a motion or petition for that purpose, and founded on an exception endorsed upon the deposition within a reasonable time from return thereof; and founded, moreover, upon an objection taken at the time of the examination of the witness, if the party seeking to exclude the evidence, his agent or attorney, was then present. M'Candlish v. ifldloe, 3 Gratt. 330.
8. EXCLUDING WITNESSES FROM COURT ROOM. — It is a well settled rule of practice, in both civil and criminal cases, that it is the duty of the presiding judge, on the motion of either party, to exclude witnesses from the court room. Gregg v. State, 3 W. Va. 705; Hey v. Com., 33 Gratt. 946.
But this rule does not apply to attorneys or officers of the court. Gregg v. State, 3 W. Va. 705.
Discretion of Trial Court, — Trial courts, however, are allowed a discretion in the matter of the separation of witnesses. Therefore, if the trial court, in its discretion, excludes all the witnesses from the court room but one, its action in that respect will not be reversed unless it appears that its discretion has been improperly exercised, and that it operated to the prejudice of the party complaining of it. Jackson v. Commonwealth, 96 Va. 107, 30 S. E. Rep. 453.
Refusal to Order Separation No Ground for Reversal. —And, though the order to separate witnesses during the trial should rarely be withheld by the court, still it is not strictly a matter of right, and, therefore, a refusal to order a separation of witnesses is not ground for the reversal of a judgment, unless it affirmatively appears th,at the party suffered injury from its refusal. State v. Morgan, 35 W- Va. 260, 13 S. E. Rep. 385.
Disobedience of Order. — If a witness disobeys the order of the judge, and remains in the court room, he may be punished for contempt, but he is not for that reason disqualified from testifying. The practice is to allow him to be examined, subject to observation as to his conduct in disobeying the order. Gregg v. State, 3 W. Va. 705 ; Hopper v. Com., 6 Gratt. 684 ; Hey v. Com., 32 Gratt. 946, 34 Am. Rep. 799.
It is obvious, therefore, that a witness who has not been summoned, but who was present as a spectator, and heard a part of the evidence, cannot be excluded, because the court had previously ordered that the witnesses be examined out of the hearing of each other, for, as we have just seen, this would have been no ground for excluding him, even if he had been summoned as a witness before the order was made. Brown v. Com., 90 Va. 671, 19 S. E. Rep. 447.
B. CROSS-EXAMINATION.
1. Extent oe Cross-Examination. — -A party has no right to cross-examine any witness except as to the facts and circumstances connected with the matters stated in his direct examination. If he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such in the subsequent progress of the cause. State v. Hatfield, 48 W. Va. 561, 37 S. K. Rep. 626 ; Virginia, etc., Co. v. Chalkley, 98 Va. 62, 34 S. E. Rep. 976.
And if a party cross-examines a witness as to facts and circumstances not connected with the matter stated in his direct examination, he, in effect, makes the witness his own. and waives any objection he may have made to his competency. Miller v. Miller. 92 Va. 510, 23 S. E. Rep. 891.
But it has been said that the evidence brought out on the cross-examination of a witness, explanatory or relative to his evidence in chief, is as much the evidence of the party calling the witness as the examination in chief, and is to be considered as such in ascertaining what facts the evidence reasonably conduces to prove. Horner v. Speed, 2 Pat. &H. 616.
2. Testing Accuracy, Veracity or Credibility oe Witness. — A witness may be asked, on cross-examination, any question touching his examination in chief, which tends to test his accuracy, veracity or credibility. Virginia, etc., Co. v. Chalk-ley, 98 Va. 62, 34 S. E. Rep. 976.
Testing the Recollection of Witnesses. — And it was held in Blankenship v. Chesapeake, etc., R. Co., 94 Va. 449, 27 S. E. Rep. 20. that the plaintiff might ask a witness, on cross-examination, if he did not remember that at the last trial of the case he did not testify as to a certain fact, where the object of the question was to test the recollection of the witness as to a material point in the defense.
Attacking Credibility of Witness. — Moreover, where the defendant in an action appears as a witness in his own behalf, the plaintiff has the right to so cross-examine him as to elicit any facts which would in any way tend to corroborate the testimony of the plaintiff, or contradict that of the defendant. McManus v. Mason, 43 W. Va. 196, 27 S. E. Rep. 293.
*684 For example, where the defendant, in an action of assumpsit for services rendered him hy the plaintiff, denied that he ever contracted with the plaintiff; that he ever employed him for any purpose; that he had nothing to do with his employment, and that he did not owe him anything, it was held that he might he asked, on cross-examination, if he ever gave the plaintiff any directions about the work. McManus v. Mason, 43 W. Va. 196, 27 S. E. Rep. 293.
• Prior Inconsistent Statements. — So, also, on cross-examination, it is allowable to ask a witness, for the purpose of contradicting his testimony, if he had not on a former occasion, giving time, place, and person, made a different statement from that which he swore to on his examination in chief. Smith v. watson, 82 Va. 713,1 S. E. Rep. 96. See post, this note, “Impeachment.”
C. RE-DIRECT EXAMINATION — The trial court possesses much latitude of discretion in permitting a second examination of a witness; therefore if the circumstances of the case and justice demand that a second examination of the same witness should take place, an order will be made to permit it; and unless it was palpably improper to grant leave for the second examination, an appellate court will not for this cause reverse the decree. Fant v. Miller, 17 Gratt. 187; Carter v. Edmonds, 80 Va. 68; Burke v. Shaver, 92 Va. 846, 23 S. E. Rep. 749. See monographic note on "Depositions” appended to Field v. Brown, 24 Gratt. 74.
D. RE-CROSS-EXAMINATION — Ordinarily a party cannot, as a matter of right, re-cross-examine a witness, as it would obviously lead to great abuses, in harassing witnesses and protracting trials. Therefore, where a witness has been examined, cross-examined, and re;examine'd, the examination of the witness ought ordinarily to be considered as closed, unless new matter was brought out on the re-examination, in which case an opportunity should be given the opposite party to interrogate the witness as to the newmatter. Atlantic, etc., R. Co. v. Rieger, 95 Va. 418, 28 S. E. Rep. 690.
, And if, after a trial court has permitted a second cross-examination of a witness, it sees that it has granted a privilege which ought not to have been granted, or which is being abused, by going over that which has already been fully gone over, or that a further exercise of the privilege can serve no useful purpose, it may then and there put an end to the further re-cross-examination of thewitness. Atlantic, etc., R. Co. v. Rieger, 95 Va. 418, 28 S. E. Rep. 690.
E. RECALLING WITNESSES. — Much latitude of discretion should be allowed the trial court in the matter of recalling witnesses, and its action will not be reversed by an appellate court except for palpable error. Livingston v. Com., 7 Gratt. 658; Burke v. Shaver, 92 Va. 345, 23 S. E. Rep. 749; Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476.
Re-examination as to New Facts. — But where a witness has been examined and cross-examined, and told to stand aside, it rests in the sound discretion of the court whether he shall be recalled and re-examined as to new facts, unconnected with his former examination and cross-examination. Howel v. Com., 5 Gratt. 665. See McManus v.‘ Mason, 43 W. Va. 196, 27 S. E. Rep. 293.
In one case, thé attorney for the commonwealth was allowed to recall a witness, even after he had made his opening argument and one of the counsel for the prisoner had spoken in his defense. Arm-stead v. Commonwealth, 7 Gratt. 599.
In another case it was held, that if, after a witness for the commonwealth has given his testimony and left the stand, the prisoner wishes to show that he has made a different statement at another time, he is entitled to have him recalled, and to examine him on the point, that the evidence in contradiction may be introduced; and this whether the failure to examine him when he was on the stand, was be’cause he or his counsel were not informed of the evidence to contradict, or from inadvertence. Little v. Commonwealth, 25 Gratt. 921.
Explanation of Statement. — The court may recall a witness to ask an explanation of a statement made by him when on the stand. Snodgrass v. Com., 89 Va. 679, 17 S. E. Rep. 238.
So, also, where a dispute arises between counsel as to what a witness has said, the court may recall the witness and settle the dispute. Snodgrass v. Com., 89 Va. 679, 17 S. E. Rep. 238.
F. ANSWERS MUST BE RESPONSIVE TO QUESTIONS. — The answers of a witness must be responsive to questions asked; he must not volunteer statements unasked for. Brown v. Hall, 85 Va. 146, 7 S. E. Rep. 182; McBride v. Com., 95 Va. 818, 30 S. E. Rep. 454.
G. REFRESHING THE MEMORY. — A witness may refresh his memory by a reference to a paper, and it makes no difference whether the paper was prepared by himself or another, whether it be an original, a copy, or an extract, or whether it be referred to by the witness in court or elsewhere; but the witness must then speak from his own recollection thus refreshed. Harrison v. Middleton, 11 Gratt. 527.
And parties or their counsel, may orally or by writing, previous to the examination of a witness, direct his attention to the facts in regard to which he is intended to be examined, and he may refresh his memory in regard to such facts by examining books or papers, and make memoranda from them or otherwise, especially of dates and amounts, and use such memoranda for the purpose only of refreshing his memory, at the time of giving his evidence. Fant v. Miller, 17 Gratt. 188.
VI. IMPEACHMENT.
A. PRIOR INCONSISTENT STATEMENTS — The credibiliti' of a witness may be impeached by proof of statements made by him on some former occasion, inconsistent with the testimony he has given on the trial: but such testimony cannot be received as evidence of any fact touching the issue to be tried, because such statements are not generally made under the sanction of an oath. Charlton v. Unis, 4 Gratt. 58; Forde v. Com., 16 Gratt. 547; Little v. Com., 25 Gratt. 921; Smith v. Watson, 82 Va. 712, 1 S. E. Rep. 96; Morgan v. Ins. Co., 6 W. Va. 496.
And this is true, whether the previous statements of the witness, supposed to contradict his testimony, be written or verbal. Charlton v. Unis, 4 Gratt. 58; Unis v. Charlton, 12 Gratt. 484; New York, etc., R. Co. v. Kellam, 83 Va. 851, 3 S. E. Rep. 703.
Testimony before Grand Jury — Upon a criminal trial, either a person who was present, or, it seems, a grand juror, are competent witnesses to prove that a statement made by a witness before the grand jury was different from the statement made by him before the petit jury on the trial of the indictment. Little v. Com., 25 Gratt. 921.
1. Laying Foundation. — Before evidence of prior inconsistent statements by a witness can be admitted, however, to impeach his credit, a foundation for such evidence must first be laid, by an examination of the witness touching the fact of his having made such statements. Common justice requires that by first calling his attention to the subject, he should have an opportunity of making any proper correction, as well as explaining the nature, circumstances and design of what he is proved elsewhere to have said. Unis v. Charlton, 12 *685 Gratt. 184; Davis v. Franke, 33 Gratt. 418; Little v. Com.. 25 Gratt. 931; State v. Goodwin, 82 W. Va. 177, 9 S. E. Rep. 85.
And it is generally held necessary, in the case of verbal statements, iirst to ask the witness as to the time, place, and person involved in the supposed contradiction. Robinson v. Pitzer, 8 W. Va. 335; Smith v. Watson, 82 Va. 712; New York, etc., R. Co. v. Keilam, 83 Va. 860,3 S. E. Rep. 703; Gordon v. Funkhouser (Va.). 42 S. E. Rep. 678. In this last case an omission to mention the place involved in the supposed contradiction, was held to be no error, as it did not appear to prejudice the other party.
Within the meaning of this rule, however, a sufficient foundation is laid, even though the names of the person involved in the supposed contradiction are not known, and hence, cannot be given, where they are otherwise sufficiently described. Little v. Com., 25 Gratt. 921.
a. Where Witness Denies Having Made the Contradictory statement — Where a witness is asked, on cross-examination, whether or not he has made certain statements out of court, contrary to what he has testified at the trial, and he answers in the negative, the proper foundation has then been laid for introducing evidence to contradict him. New York, etc., R. Co. v. Keilam. 88 Va. 859. 3 S. E. Rep. 703 ; Unis v. Charlton, 13 Gratt. 484.
Form of Question to Impeaching Witness. — After the denial, on crovss-examination, of a witness that he has made such inconsistent or contradictory statement, although it is admissible, upon a principle of convenience or absolute necessity, to put the question to the impeaching witness in the same words that it had been put to the former witness, yet. it would be more satisfactory that the question should be obtained without a direct suggestion. And if the question put to the impeaching witness, is not in the same words as put to the former witness, it should, nevertheless, be relative and sufficiently precise so as to indicate to the impeaching witness the same subject-matter or transaction testified to by the former witness, and not so general as to introduce irrelevant and improper testimony, or such as tends to affect the merits of the case instead of impeaching the former witness. Morgan v. Insurance Co., 6 W. Va. 496.
5. Where Witness Does Wot Iiemwriber Making Contradictory statement. — But the rule in Virginia and West Virginia is different, as to whether contradictory statements by a witness on other occasions may be introduced to discredit him, when he does not deny having made such statements, but simply says that he does not remember making them.
Rule in Virgini'a.-’Thus, on the trial of a prisoner for murder, a witness on his examination in chief makes a statement as to the action of a third person, and upon his cross-examination he is asked whether he did not make a different statement before the examining court: to which he says he does not remember. It was held, however, that the statement made by the witness before the examining court, may be proved in order to discredit him.. Forde v. Commonwealth, 16 Gratt. 547.
Rule in West Virginia, — On the other hand, where a witness was asked whether he had a conversation with a certain person, at a certain time, at a certain place, in reference to a certain matter, and > he replied that he did not remember any such conversation, it was held that no sufficient foundation had been laid for the admission of the statement of the witness to contradict him and impeach his credit. Robinson v. Pitzer, 3 W. Va. 335.
2. relevancy op Contradictory Statements.— It must be observed, however, that in order to impeach a witness by showing that on another occasion he made a statement contradicting those made on the trial, the statements must relate to a matter material and relevant to the case. State v. Goodwin, 32 W. Va. 177, 9 S. E. Rep. 85; New York, etc., R. Co. v. Keilam, 83 Va. 860, 3 S. E. Rep. 703; Morgan v. Ins. Co., 6 W. Va. 496; Robertson v. Com., 2 Va. Dec. 142; State v. Sheppard, 49 W. Va. 582, 39 S. 35. Rep. 676.
And if a question is put to a witness on cross-examination which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but is conclusive against him. Murphy v. Com., 23 Gratt. 960; Morgan v. ins. Co., 6 W. Va. 496; State v. Goodwin, 32 W. Va. 177, 9 S. 35. Rep. 85; Forde v. Com., 16 Gratt. 547: Langhorne v. Com., 76 Va. 3012; Nuckols v. Jones, 8 Gratt. 267; Welch v. Ins. Co., 23 W. Va. 303.
Reason of Rule. — The reason why his answer cannot be contradicted in such case is that it would be unjust to the witness and to the party introducing him, for though every witness may be supposed to come prepared to sustain the truth of his testimony given on the trial, he cannot be expected to come prepared to prove the truth of every collateral statement he may have made on another occasion. Charlton v. Unis, 4 Gratt. 58.
Extent of Rule — Cross-Examination. —This limitation, however, only applies to answers on cross-examination. It does not affect his answers on the examination in chiet, but they maybe contradicted though collateral to the issue. Forde v. Com., 36 Gratt. 547 ; Nuckols v. .Iones, 8 Gratt. 267 ; State v. Goodwin, 32 W. Va. 177, 9 S. E. 3^,ep. 85 ; Welch y. Ins. Co., 23 W. Va. 289, 304.
Test as to Whether a Matter Is Collateral. — The test, as to whether a matter is material or collateral, as regards the impeachment of witnesses, depends, upon whether the cross-examining party would bo entitled to prove it in support of his case. State v. Goodwin, 32 W. Va. 177, 9 S. E. Rep. 85 ; State v. Sheppard, 49 W. Va. 582,39 S. 35. Rep. 676, citing 29' Am. & Eng. Enc. Law (1st Ed.) 794.
Value of Land. — But where the value of certain land in controversy was material to the issue, and a witness, who had owned the land, was introduced by the plaintiff and examined by both parties as to its value, It was held that the defendant, after laying the proper foundation, might contradict the testimony of the witness, by offering evidence to prove the price at which the witness had himself offered it for sale. Daniels v. Conrad, 4 Leigh 401.
B. BIAS OR HOSTILITY.
General Rule. — A witness may be impeached on cross-examination by questioning him as to any statements made, or acts done by him, indicating feelings of bias or hostility towards either party to the cause ; and if he denies such statements or acts they may be proved by other witnesses. State v. Henderson, 29 W. Va. 147, 1 S. E. Rep. 225; Rixey v. Bayse, 4 Leigh 330 ; Wadley v. Com., 98 Va. 803, 35 S. E. Rep. 452.
If the witness denies any ill-feeling, he may be contradicted by evidence of his own statements or acts, to which, however, his attention must first be specially drawn. Langhorne v. Com., 76 Va. 1012.
Collateral Facts. — But it is not proper to introduce evidence of collateral facts, such as the mere pend-ency of a suit between them, to show this bias or ill-feeling. Langhorne v. Com., 76 Va. 1012.
Particular Acts. — it has been held that the defendant, at the trial of an action of slander, may introduce evidence of particular acts of hostility by the plaintiff’s witnesses towards him, to discredit their testimony. Rixey v. Bayse, 4 Leigh 330.
Bias towards Other Witnesses. — The general rule however, applies only to parties to a suit, and not to ■ *686 ■witnesses in a canse for or against each other ; except, perhaps, where one of the .witnesses is being impeached for had character, in which case the impeaching witness may be cross-examined as to his feelings, or bias towards the witness whose character he assails. Therefore, except in the case stated above, one witness cannot he ashed if he is indebted to another witness in the cause, for the purpose of showing bias, and thus discrediting his testimony. State v. Henderson, 29 W. Va. 147„ 1 S. E. Rep. 225.
C. IMPEACHING REPUTATION OP WITNESS.— It is well settled that a witness may be impeached, by proof that his general reputation for truth and veracity, in the heighborhood in which he resides, or recently resided, is bad. Langhorne v. Com., 76 Va. 1012; George v. Pilcher, 28 Gratt. 299, 26 Am. Rep. 350; State v. Meadows, 18 W. Va. 658; State v. Staley. 45 W. Va. 792, 32 S. E. Rep. 198.
Extent ot Inquiry. — The examination of the impeaching witness, however, must be confined to the general character for veracity of the witness sought to be impeached, and cannot extend to his general character in relation to other things as well as veracity. Uhl v. Com., 6 Gratt. 706. See Davis v. Franke. 33 Gratt. 427.
1. Knowledge Required of Impeaching Witness. —And, before an impeaching witness can be permitted to say whether he would or would not believe the witness sought to be impeached on oath, he must first state on his oath, that he knows his general character among his neighbors and acquaintances, and also his general character for truth anjong his neighbors and acquaintances, whether upon oath or otherwise. Uhl v. Com., 6 Gratt. 706; Clay v. Robinson, 7 W. Va. 350.
And the same rule has been applied in the case of a witness introduced to sustain the character of the witness sought to be impeached. Clay v. Robinson,
7 W. Va. 350. See post, “Knowledge Required of Sustaining Witness.”
Opinion of Majority of Neighbors. — Where a witness is introduced to impeach the general reputation of another witness for truth and veracity in his neighborhood, and he states.that he is acquainted with his general reputation in that regard, that it is bad and that he would not believe him on oath, he is a competent witness, notwithstanding he cannot say he has heard a majority of his neighbors speak of his character in that regard. State v. Meadows, 18 W. Va. 659.
Such a witness may be asked, however, whether he had ever heard a majority of his neighbors speak of his character, and if his opinion is made up from his own knowledge, or from what hé has heard the neighbors say. State v. Meadows, 18 W. Va. 659. .
Inquiry Not Confined to Immediate Vicinity. — One who is well acquainted with those of a community who best know another, is competent to give evidence as to his general reputation for honesty; and such evidence is not confined to the immediate vicinity of him whose reputation is the subject of inquiry. State v. Henderson, 29 W. Va. 147, 1 S. E. Rep. 225.
2. What Evidence Admissible to Impeach.
In General. — The credit of a witness can be impeached by general evidence'only, and not by evidence as to particular facts. Rixey v. Bayse, 4 Leigh 330; Barbour v. Com., 80 Va. 287.
Bad Character of Witnesses. — For example, where the accused, on trial for murder, sought to exclude witnesses for the commonwealth because of their alleged bad character, it was held that evidence of bad conduct on their part, that a warrant had been issued for their arrest under the charge of petit larceny, that the deceased and his wife kept a house of ill fame, and that the deceased’s wife was a lewd woman, was properly excluded. Vance v. Com., 1 Va. Dec. 830.
Unchastity. — So, also, it has been held that the prosecutrix, at the trial of an indictment for rape, cannot be asked, on cross-examination, if she had not been before a person of unchaste character. Fry v. Com., 82 Va. 334.
Brawler. — The veracity of a witness cannot be successfully impeached, by evidence that he is given to rows and to putting them off on others. Briggs v. Com., 82 Va. 554.
Conviction of Crime. — A record of the conviction of a witness for petit larceny in another state, is not admissible evidence to impeach the veracity of the witness. Uhl v. Com., 6 Gratt. 706. This case was followed in Barbour v. Com., 80 Va. 289.
And where an attempt is made to impeach the veracity of a witness by proof of his conviction of a. criminal offence, it must be such an offence as involves his character for truth on oath. Lang-horne v. Com., 76 Va. 1012; Uhl v. Com., 6 Gratt. 706.
D. NEW TRIAL. — A new trial will not be granted to enable the party against whom the verdict is rendered, to impeach the credit of a witness examined at the trial. Brugh v. Shanks, 5 Leigh 597.
E. IMPEACHMENT OF ONE’S OWN WITNESS. —As a general rule, a party is not allowed to discredit his own witness. But it has been held, that a question put by the commonwealth to its own witness, inquiring as to his relationship with the accused, is not objectionable on the ground that it is an effort by the -former to discredit its own witness. Snodgrass v. Com., 89 Va. 679, 17 S. E. Rep. 238.
VII. CORROBORATION.
A. IN GENERAL. — Whenever the character of a witness for truth is attacked, either by direct evidence of want of truth, or by cross-examination, or by proof of contradictory statements in regard to the material facts, or by disproving by other witnesses material facts stated by him in his examination, or, in general, whenever his character for truth is impeached in any way known to the law, the party calling him may sustain him by evidence of his general reputation for truth. George v. Pilcher. 28 Gratt. 299, 26 Am. Rep. 350; State v. Staley, 45 W. Va. 792, 32 S. E. Rep. 198.
But if the purpose and obj ect of the cross-examination of a witness was not to impeach his credibility, he cannot introduce evidence to prove his reputation as a man of veracity. In other words, a party cannot bring evidence to confirm the character of a witness, before the credit of that witness has, in some manner, been impeached. Reynolds V. Richmond, etc.. R. Co., 92 Va. 400, 23 S. E. Rep. 770; George v. Pilcher, 28 Gratt. 299, 26 Am. Rep. 350.
Thus, in an action for personal injuries alleged to have been due to a fall from the defendant’s car, the plaintiff, on cross-examination, was asked as to other injuries received by him, to show that his present condition was not the effect of his fall, and the court held that this was not an attack on his credibility, so as to entitle him to evidence of his reputation for veracity. Reynolds v. Richmond, etc., R. Co., 92 Va. 400, 23 S. E. Rep. 770.
B. PRIOR CONSISTENT STATEMENTS.
General Rule. — As a general rule, proof of statements made by a witness out of court, cannot be received to corroborate his testimony in court. Oliver v. Com., 77 Va. 593; Howard v. Com., 81 Va. 488; Repass v. Richmond, 99 Va. 508, 39 S. E. Rep. 160.'
Exception to General Rule. — One exception to this rule, however, is where a design to misrepresent, from some motive of interest or relationship, is imputed to the witness, in which case it may be *687 shown that lie made similar statements before the acquisition of the interest or the date of the relationship. in order to repel the imputation. Repass v. Richmond. 99 Va. 508, 39 S. E. Rep. 1(50.
For example, where an attempt was made to discredit a witness by showing- malice on his part-growing out of his arrest for an offence, it was held admissible to show that the witness made the same statement before his arrest that he made in court. Howard, v. Coin., 81 Va. 488.
O. KNOWLEDGE REQUIRED OF SUSTAINING WITNESS. — Where the character of a witness for truth and veracity has been impeached, the evidence of a -witness who has been acquainted for a long time with the impeached, and has never heard the character of the witness for truth and veracity questioned, is admissible, although such witness may never have heard any person or persons say anything whatever concerning the impeached witness’character. Lemons v. State, 4 W. Va. 755, 6 Am. Rep. 293; Olay v. Robinson, 7 W. Va. 348.
And when the witness states that he knows the reputation of the person sought to be impeached as a man of veracity, his competency to testify and the weight otherwise due to his testimony, are not at all lessened by the fact that he never heard the character of such person called in question, or made the subject of special conversation or discussion; for, although a man’s character may not be discussed, it may, nevertheless, be well known to his neighbors, and in many cases the highest tribute that can be paid to the witness is that his reputation as a man oí veracity is never called in question, or even made the subject of conversation in the community where he resides. Davis v. Franke, 33 Gratt. 413; Lemons v. State, 4 W. Va. 755, € Am. Rep. 293.
VIII. PRIVILEGE OF REFUSING TO ANSWER.
A. WHERE ANSWERS TEND TO CRIMINATE WITNESS. — Wherever a party on oath declares that the answer to the question propounded to him will criminate himself, the court must accept that answer as true, and as making a prima fade case in which he must be excused, unless there is something in the circumstances of the particular case which makes it appear either that the witness contumaciously refuses to answer, or where it appears that from all the circumstances he is clearly mistaken as to any possibility of his future prosecution. Temple v. Commonwealth, 75 Va. 892; Langhorne v. Com., 76 Va. 1021; Murphy v. Com., 23 Gratt. 960.
For, if the fact to which the witness is interrogated forms but a single remote link in the chain of testimony which may implicate him in a crime or misdemeanor, he is not bound to answer. Langhorne v. Com.. 76 Va. 1012.
Waiver of Privilege. — And, because the witness has already made elsewhere a full and voluntary disclosure of the facts, as, for instance, before the coroner or grand jury, this will not deprive him of his privilege of declining to testify on the trial. A witness cannot be held to have waived this privilege until he is warned of it. Cullen v. Com., 24 Gratt. 624; Temple v. Com., 75 Va. 893.
B. CONSTITUTIONAL GUARANTY. — The Virginia constitution provides that in all capital or criminal prosecutions, no man can be compelled to give evidence against himself. Art. 1, § 10.
Under this guaranty, it has been held that a person is not only secured from givingevidence against himself on his own trial, but he cannot be compelled, on the trial of another, to testify, if his evidence will tend to criminate himself. Cullen v. Com., 24 Gratt. 624.
1. Statutes taking Away Constitutional Privilege. — And before this constitutional privilege of refusing to answer can be taken away by statutes, there must be an absolute indemnity provided, and nothing short of complete amnesty to the witness, an absolute wiping out of the offence as to him. so that he can no longer be prosecuted for it, will furnish that indemnity. Opinion of Judge Bouldin in Cullen v. Com., 24 Gratt. 635; Temple v. Horn., 75 Va. 892.
In Cullen v. Com.. 24 Gratt. 624, the witness, when asked what he knew of a certain duel, declined to answer, because his answer would tend to incriminate him. The lower court ordered him .to answer, and, on his still refusing to do so, fined him and committed him to jail. But the court of appeals reversed this judgment, and held that before the constitutional privilege of a witness to refuse to give evidence tending to criminate himself, could be taken away by the legislature, there must be an absolute indemnity provided against prosecution, and that a statute providing that any statements made by a person concerned in any duel, shall not be used against him in any- prosecution against himself, does not provide this indemnity, it would seem, however, that according to the decision in Hendrick v. Com.,78Va. 491, Va. Code 1887, § 3692, does furnish such a full and complete indemnity against prosecution, as that the witness may be compelled to testify, in a prosecution for duelling, notwithstanding his constitutional privilege.
But the statute giving immunity to witnesses in prosecutions for unlawful gaming, does not apply to a prosecution for managing and conducting a lottery. and, therefore, a witness cannot be required to testify in such a case if he will thereby criminate himself. Temple v. Com., 75 Va. 892.
If, however, the statute secures full protection to the witness, he cannot refuse to testify because his answer will tend to criminate him. Kendrick v. Com., 78 Va. 490, Lacy and Richardson, XL, dissenting. See W. Va. Code, ch. 152, § 18.
Neither Court nor Prosecuting Attorney Can Offer Indemnity. — No implied suggestion by the court, nor any implied or positive promise by the commonwealth’s attorney could operate as an indemnity to the witness that he would not be further prosecuted. He has a right to stand upon his constitutional privilege, and not to trust to the chances of a further prosecution. The court, of course, could offer him no such indemnity. Nor could the common-wealth’s attorney, for he might die, or be removed, or resign, and his successor might see fit to institute a prosecution against him. Or whether he did or not, a grand jury, without the advice or consent of the commonwealth’s attorney, might institute such prosecution. Temple v. Com., 75 Va. 897
C. EXPOSURE TO A PENALTY OR FORFEITURE. — See monographic note on “Bills of Discovery5' appended to Lyons v. Miller, 6 Gratt. 427.
D. QUESTIONS TENDING TO DEGRADE CHARACTER. — The court may interiore during the cross-examination, to protect a female witness from answering questions tending to degrade her character, and possibly expose her to a criminal prosecution. Under this rule questions imputing a want of virtue in a female witness have been excluded. Ilowel v. Com.. 5 Gratt. 664; Forney v. Ferrell, 4 W. Va. 729.